■ In the Matter of GANNETT Co., INC., et al., Appellants, v CONSTANCE B. JAMES, as Records Access Officer of City of Rochester, et al., Respondents. — Judgment unanimously affirmed, without costs. Memorandum: Petitioners, the publisher and certain reporters for a newspaper circulated daily in the City of Rochester and environs, commenced this CPLR article 78 proceeding to compel respondents to make available for inspection, and in some instances, copying, certain records in their custody and control pursuant to article 6 of the Public Officers Law (Freedom of Information Law). The records requested, and refused by respondents, fall into the following briefly stated categories: (1) complaints made to the Internal Affairs Division of the Rochester Police Department alleging harassment or use of force by police officers for the past two years; (2) copies of "Use of Force" forms filed by Rochester police officers for the years 1976-1979; (3) complaints to the Internal Affairs Division of the Monroe County Sheriff's Department alleging harassment or use of force; (4)

documents forwarded to the Monroe County Civil Service Commission by the Rochester Police Department concerning disciplinary action taken against its police officers; (5) documents reflecting the final disposition of civil service hearings concerning Rochester Police Department personnel with the names of officers for the years 1976-1980; and (6) documents reflecting the final disposition of civil service hearings concerning Rochester Police Department personnel for the years 1976-1980, without the names of the officers. The purpose of the requests and the public interest involved stated by petitioners, is "The information contained in the records sought by Petitioners is essential to public awareness of the conduct of law enforcement personnel in Monroe County." Special Term dismissed the petition, finding that the requested material fell within the statutory exception contained in section 87 (subd 2, par [a]) of the Public Officers Law, viz., that the documents constituted "personnel records, used to evaluate performance toward continued employment or promotion" (Civil Rights Law, § 50-a, subd 1). We substantially agree. The Freedom of Information Law establishes, statutorily, a general policy of disclosure while at the same time recognizing a legitimate need on the part of government to keep some matters confidential. The law establishes eight specific, narrowly constructed instances where disclosure will not be ordered (*Matter of Fink v Lefkowitz,* 47 NY2d 567). "Only where the material requested falls squarely within the ambit of one of these statutory exemptions may disclosure be withheld" (*Matter of Fink v Lefkowitz, supra,* p 571). Clearly, complaints made to the Internal Affairs Divisions of both the Rochester Police Department and the Monroe County Sheriff's Department (requests [1] and [3] above), while handled by each in a slightly different fashion, fall within the statutory exemption of subdivision 1 of section 50-a of the Civil Rights Law as personnel records used to evaluate performance. The fact that some complaints are unfounded and the officers are cleared of any wrongdoing is of no moment. The complaint subjects the officer to possible disciplinary sanctions and is thus an evaluative tool. In addition, the confidentiality afforded to those who wish it in reporting abuses is an important element in encouraging reports of possible misconduct which might not otherwise be made. Thus, these complaints are exempt from disclosure which might interfere with law enforcement investigations and identify a confidential source or disclose confidential information (Public Officers Law, § 87, subd 2, par [e], cls i, iii). Special Term was correct in finding that documents forwarded to the Monroe County Civil Service Commission by the respective law enforcement agencies (requests [4], [5] and [6] above) are personnel records used to evaluate performance for purposes of determining continued employment or promotion and thus exempt under subdivision 1 of section 50-a of the Civil Rights Law. In addition, the Civil Service Commission does not maintain separate files for police disciplinary proceedings. The data, instead, is transferred to the employee's personnel card. To accede to petitioners' request, the commission would have to go through every employee's file and compile the information. This it is not required to do (Public Officers Law, § 89, subd 3; *Matter of Gannett Co. v County of Monroe,* 59 AD2d 309, affd 45 NY2d 954). There is the further consideration that since September 24, 1980 the City of Rochester assumed control over its own civil service system and the county commission could not comply with the request which relates to city policemen. Lastly, the "Use of Force" forms (request [2] above), while not personnel records used to evaluate performance, are nonetheless exempt from disclosure as intra-agency materials which are not statistical or factual tabulations or data, instructions to staff that affect the public or final agency policy or determinations (Public Officers Law, § 87, subd 2, par [g], cls i, ii, iii). This inter- or intra-agency exemption is important in

that it permits police officers to express their views of events candidly and in writing. (Appeal from judgment of Supreme Court, Monroe County, Pine, J. — art 78.) Present — Simons, J. P., Callahan, Doerr, Denman and Moule, JJ. [108 Misc 2d 862.]