In the Matter of DANTE M. SCACCIA, Appellant, v NEW YORK STATE DIVISION OF STATE POLICE et al., Respondents.

Third Department, June 16, 1988

### APPEARANCES OF COUNSEL

*Scaccia Law Firm (Robert A. Traylor, Jr.,* of counsel), for appellant.

*Robert Abrams, Attorney-General (Nancy A. Spiegel* of counsel), for respondents.

### OPINION OF THE COURT

LEVINE, J.

According to the petition and other supporting papers, petitioner, an attorney, was criminally charged but acquitted after trial of aggravated harassment, allegedly consisting of making repeated "hang-up" telephone calls to a former girlfriend. Following acquittal, petitioner obtained an order seal-

ing the records of the trial. Subsequently, an article appeared in a local newspaper reporting that, following an internal disciplinary proceeding, State Police Investigator Anthony Di Rienz had been found guilty of misconduct for having obtained petitioner's girlfriend's unlisted telephone number through the local police, ostensibly for legitimate investigative purposes, and turning over that information to petitioner. Di Rienz's immediate superior was quoted in the article. As a result of the newspaper article, petitioner sought certain information pursuant to the Freedom of Information Law (Public Officers Law art 6) (hereinafter FOIL) from respondent Division of State Police. The information petitioner requested was:

"1. Any and all records, statistical or factual tabulations of data of the number of days and dates Investigator Anthony Di Rienz was absent from his duties on sick leave, annual or vacation leave or without leave during the period January 1, 1985 through June 30, 1985.

"2. Any and all decisions, reports, memoranda or dispositions constituting the final determination of the Division of State Police in the matter of the disciplinary action taken against Investigator Anthony Di Rienz for unlawfully or improperly obtaining and disclosing an unlisted telephone number * * * in or about the period January 1, 1985 through March 31, 1985.

"3. The written report of accusation prepared relative to the above charge(s) pursuant to 9 NYCRR § 479.1, if any.

"4. The statement of charges and specifications pursuant to 9 NYCRR § 479.5, if any.

"5. The written notification of proposed imposition of penalty pursuant to 9 NYCRR § 479.3, if any."

The Division's records officer responded that item 4 was nonexistent and denied the four remaining requests. Following an affirmance of the denial by the Freedom of Information Appeals Board, petitioner commenced this CPLR article 78 proceeding to review the determination. Supreme Court granted petitioner's request for the information set forth in item 1, but denied the remaining requests pursuant to Civil Rights Law § 50-a (1), which mandates the confidentiality of "[a]ll [police] personnel records, used to evaluate performance toward continued employment or promotion". This appeal by petitioner ensued.

The issue on appeal is whether Supreme Court correctly

ruled that the requested records of the Division concerning Di Rienz's disciplinary proceeding and its final disposition are exempt under FOIL. We sustain Supreme Court's ruling as to the written report of accusation pursuant to 9 NYCRR 479.1 and the written notification of proposed imposition of penalty pursuant to 9 NYCRR 479.3. As to the written report of accusation, 9 NYCRR 479.1 clearly shows that the document sought is a report of the internal investigation of the complaint against Di Rienz, including the names of the complainant and witnesses interviewed and their version of the facts. This information was properly withheld under the FOIL exemptions relating to data compiled for law enforcement purposes (Public Officers Law § 87 [2] [e] [i], [iii]), or as predecisional, intraagency materials (Public Officers Law § 87 [2] [g]). The report of accusation herein is indistinguishable from that of the complaints of misconduct, nondisclosure of which was upheld on the foregoing grounds in *Matter of Gannett Co. v James* (86 AD2d 744, 745, *lv denied* 56 NY2d 502). The application of these exemptions in *Gannett* as to complaints against police officers was expressly approved by the Court of Appeals in *Matter of Capital Newspapers v Burns* (67 NY2d 562, 569).

Denial of the disclosure as to the written notification of proposed imposition of penalty pursuant to 9 NYCRR 479.3 was likewise proper. Under the cited regulation, as applicable to the Di Rienz disciplinary proceeding, the document sought represented an intermediate step leading to a decision to proceed to a formal disciplinary hearing. Thus, this information is clearly intraagency and predecisional, exempt under Public Officers Law § 87 (2) (g) *(see, Kheel v Ravitch,* 93 AD2d 422, 427-428, *affd* 62 NY2d 1; *Sinicropi v County of Nassau,* 76 AD2d 832, 833, *lv denied* 51 NY2d 704). Contrary to petitioner's contention on appeal, any unauthorized disclosure made by a subordinate officer of the State Police concerning the Di Rienz disciplinary matter does not operate as a waiver by respondents of the FOIL exemptions *(see, Granada Bldgs. v City of Kingston,* 58 NY2d 705, 708).

■ We reach a conclusion contrary to that of Supreme Court with respect to petitioner's request for documents "constituting the final determination" of the disciplinary action against Di Rienz. The information sought is not immune from disclosure as intraagency material, since that exemption does not apply to a "final agency policy or determination" (Public Officers Law § 87 [2] [g] [iii]). Respondents clearly have not

sustained their burden of showing that the final decision sustaining charges of misconduct against Di Rienz would interfere in a law enforcement investigation or reveal confidential sources, in order to fall within the exemption of Public Officers Law § 87 (2) (e). Nor would the determination that Di Rienz abused his official authority in obtaining information for petitioner's personal use fall within the privacy exemption of FOIL, since it was not a disclosure of employment history (Public Officers Law § 89 [2] [b] [i]) nor, presumably, "information of a *personal* nature" (Public Officers Law § 89 [2] [b] [iv] [emphasis supplied]; *see, Matter of Capital Newspapers v Burns, supra,* at 569-570). Moreover, the requirements were sufficiently particularized and identified as a specific document in the possession of respondents so as not to justify refusal under Public Officers Law § 89 (3) *(cf., Matter of Newsday, Inc. v New York City Police Dept.,* 133 AD2d 4, 5; *Matter of Gannett Co. v James, supra,* at 745).

■ It follows from the foregoing that the only remaining ground arguably supporting nondisclosure of the final disposition of the Di Rienz disciplinary proceeding is the exemption found in Public Officers Law § 87 (2) (a) for records specifically nondisclosable under another statute, in this case, Civil Rights Law § 50-a (1). The latter section, providing for the confidentiality of personnel records of police officers "used to evaluate performance" has, however, been authoritatively given a narrow construction insofar as it may be applied to exempt documents from disclosure under FOIL. It has been held that Civil Rights Law § 50-a is only intended to prevent access to police personnel records by criminal defense attorneys or other adversarial counsel for purposes of harassment of the police on cross-examination or otherwise in the context of a civil or criminal action *(Matter of Capital Newspapers v Burns, supra,* at 568-569). Therefore, "section 50-a should not be construed to exempt [police personnel records] from disclosure by the police department in a nonlitigation context under Public Officers Law § 87 (2) (a)" *(supra,* at 569). Concededly, petitioner is no longer the subject of a criminal proceeding and has not commenced any civil litigation directly involving Di Rienz. Consequently, although the record contains some suggestion that petitioner seeks disclosure in contemplation of future litigation, we read *Matter of Capital Newspapers v Burns (supra)* as barring exemption under FOIL unless and until a lawsuit is commenced. Our decision in this regard is without prejudice to any remedy Di Rienz may have to pre-

vent petitioner's use of the documents obtained hereby, should litigation be initiated.

CASEY, J. P., WEISS, YESAWICH, JR., and MERCURE, JJ., concur.

Judgment modified, on the law, without costs, by directing respondents to release to petitioner the document or decision constituting the final determination of respondent Division of State Police in the matter of the disciplinary action taken against Investigator Anthony Di Rienz, as described in the petition, and, as so modified, affirmed.