OPINION OF THE COURT
Anthony F. Shaheen, J.
This CPLR article 78 proceeding concerns a freedom of *184 information request by the petitioner newspaper Rome Sentinel Company (Sentinel).
The Sentinel received information that a member of the Rome Fire Department had been suspended from duty. A Sentinel reporter inquired of the respondent City of Rome as to the charges placed against the fireman, and any findings made, but was denied access to any information concerning allegations, findings or charges filed. On October 13, 1988 and again on October 21, 1988, the Sentinel, acting through its Managing Editor Joseph McMahon, applied to respondent Public Safety Commissioner Frank Retrosi, Jr., for an examination of all records pertaining to the suspension of the fireman. On November 10, 1988, Commissioner Retrosi sent a letter to the Sentinel, denying access to the records in question, on the grounds that "said records constitute personnel records used to evaluate performance”, and relying on Civil Rights Law § 50-a, as well as Public Officers Law § 87 (2) (a). On November 21, 1988, Managing Editor McMahon filed a written appeal with respondent Mayor Eilenberg, asking him to reverse the decision of Commissioner Retrosi, on the grounds that the records requested are not specifically exempted from disclosure, and further that it is the policy of this State to treat all records of public agenices as presumptively open to the public for inspection and copying. Mayor Eilenberg failed to act on the appeal within 10 days, as required by the Public Officers Law, and therefore, the Sentinel’s administrative remedies are now exhausted.
The Sentinel commenced this article 78 proceeding for an order reversing and annulling Commissioner Retrosi’s decision, prohibiting the enforcement of his decision, and directing the respondents to supply the Sentinel with copies of the documents requested, as well as awarding attorney fees, costs and disbursements (which are permitted upon the court finding that the records in question are clearly of significant interest to the general public and were withheld with no reasonable basis in law [Public Officers Law § 89 (4) (c)]). The respondents oppose this proceeding on several grounds, including (1) that the Sentinel is not entitled to documents pertaining to the suspension of a municipal employee; (2) that this fireman has a privacy right which his employer has an obligation to protect; and (3) that the Sentinel has failed to show that the records sought are clearly of significant interest to the general public.
After the initial appearance on this article 78 proceeding, *185 counsel requested additional time to submit memoranda of law. On April 14, 1989, the respondents submitted a memorandum of law which set forth confidential and previously unrevealed details of the charges against this fireman, as well as the hearing results and the punishment imposed. Three days later, the Sentinel printed these details in their newspaper, and then submitted a responding memorandum of law again asking that they be given copies of the underlying documents and attorneys’ fees. The Corporation Counsel, on behalf of the respondents, contacted the court seeking additional time to submit a further memorandum of law concerning the Sentinel’s decision to publish this information, and inquiring whether the newspaper article has rendered moot this article 78 proceeding. To date, the court has received no further memoranda. In light of the Sentinel’s continued request for copies of the documents and attorneys’ fees, the court does not consider this matter moot, and therefore renders this decision.
The Freedom of Information Law (Public Officers Law § 87 [2]) sets forth a general State policy of disclosure of public records, while at the same time recognizing a legitimate need to keep confidential certain government information (Matter of Gannett Co. v James, 86 AD2d 744, 745 [4th Dept], lv denied 56 NY2d 502). This statute establishes specific, narrowly construed instances where disclosure will not be ordered (Matter of Fink v Lefkowitz, 47 NY2d 567; Matter of Gannett Co. v James, supra).
A government agency may deny access to records which are specifically exempted from disclosure by State or Federal statute (Public Officers Law § 87 [2] [a]). The respondents rely on Civil Rights Law § 50-a (1) which provides this exemption for "[a]ll personnel records” under the control of a paid fire department, which are used to evaluate performance toward continued employment or promotion. However, the Court of Appeals has held that this exemption under Civil Rights Law § 50-a does not provide a "blanket exemption” from disclosure of all such records in a nonlitigation context (Matter of Capital Newspapers v Burns, 67 NY2d 562, 569). The court found that the legislative intent underlying enactment of Civil Rights Law § 50-a was narrowly specific, " 'to prevent time-consuming and perhaps vexatious investigation into irrelevant collateral matters in the context of a civil or criminal action’ ” (Matter of Capital Newspapers v Burns, supra, at 569).
*186 The Freedom of Information Law further permits an agency to deny access to records which are interagency or intraagency materials, and which are not final agency determinations (Public Officers Law § 87 [2] [g] [iii]). Under this exemption, the Sentinel would not be entitled to accusations or complaints of misconduct against the fireman; however, it would be entitled to the final agency determination concerning his suspension, unless that determination is further protected by Civil Rights Law § 50-a, as a fireman’s personnel records which are used to evaluate his performance (see, Matter of Scaccia v New York State Div. of State Police, 138 AD2d 50, 53; see also, Matter of Capital Newspapers v Burns, supra; Matter of Gannett Co. v James, supra).
This court must therefore look to the nature of the documents being requested, in light of the presumption of access codified by the Freedom of Information Law, the practice of construing its exemptions narrowly, and its legislative history. Sentinel has requested "all records pertaining to the recent suspension of a member of the Rome Fire Department”. Balancing the holdings of the Court of Appeals in Capital Newspapers (supra) and the Fourth Department in Matter of Gannett Co. (supra), as well as the privacy rights of the fireman against the public’s right to know, the court finds that in this nonlitigation context, the Sentinel is entitled to disclosure of the final determination in this fireman’s suspension hearing, without disclosing all the supporting allegations, complaints or witness names.
The Sentinel has now received the information to which it is entitled; it is not entitled to copies of the documents underlying the suspension of this fireman. Moreover, since the respondents had a reasonable basis in law for withholding the records in question, the Sentinel’s request for attorneys’ fees is denied. The decision of Commissioner Retrosi is therefore confirmed and the Sentinel’s article 78 petition is denied.