OPINION OF THE COURT
Jerome C. Gorski, J.
This controversy is before this court pursuant to CPLR article 78 and Public Officers Law § 84, wherein petitioner, The Buffalo News (News), is seeking review of an earlier "administrative” decision of the Buffalo Economic Development Corporation (BEDC). The BEDC denied petitioner access *658 to information within its files under claim that it is not subject to Public Officers Law §84 et seq., more commonly known as the Freedom of Information Law (FOIL), as the BEDC is not a government "agency”. The News is asking this court to review that determination.
The BEDC is a local development corporation organized under New York State’s Not-For-Profit Corporation Law and organized under the guidelines of the Federal Small Business Administration. The formal "purposes” of the BEDC are outlined in its certificate of incorporation. The BEDC’s main function has been to administer loan programs designed to increase small business activity in the City of Buffalo, and encourage, through incentive loans, the development of local and minority businesses. The source of the BEDC’s loans is from the Small Business Association, Department of Housing and Urban Development (HUD), and block grant funds made available through the City of Buffalo. Many of these loans are low-interest or interest-free.
The offices of the BEDC are located in the Buffalo City Hall, and are rent free. The Mayor and some members of the Common Council sit as directors of the BEDC, as do private individuals representing small and large businesses, banks, the media, and other professions. The BEDC must research available funds for its applicants, which come from a variety of sources, and administer those loans. Often their loans are second in priority to commercial lending institutions. The BEDC’s decisions are made by a board of directors and none of their loans or loan foreclosures are subject to authorization of the Common Council or other governmental body. In other words, the BEDC’s actions are independent of government direction, even though the funds are public funds and the BEDC is subject to regulation by the Small Business Administration and the New York State Not-For-Profit Corporation Law.
Public Officers Law §86 (3) defines a subject agency as including, "any state or municipal department, board, bureau, division, commission, committee, public authority, public corporation, council, office or other governmental entity performing a governmental or proprietary function for the state or any one or more municipalities thereof”.
FOIL derives its basis from the Freedom of Information Act (5 USC § 552) or FOIA, and the Fourth Department has held that cases under FOIA are instructive in interpreting FOIL, *659 especially in light of FOIA’s lengthy history. (Hawkins v Kurlander, 98 AD2d 14 [1983].)
A review of the leading FOIA cases discussing the definition of a government "agency” turns on whether the government is involved in the core planning and execution of the program, or whether the agency retains its private character in carrying out its mission. (United States v Orleans, 425 US 807 [1976]; Forsham v Harris, 445 US 169 [1980].) Mere government regulation is not enough to cause an entity to be labeled an "agency”.
In this case, as in the case of most local development corporations, the corporation and its board of directors, while cooperative with local government, act independently, without need of governmental approval to function. The corporation’s decisions with regard to lending and foreclosure are independent, not subject to review of any governmental council. Therefore, the BEDC does not fit the definition of an "agency”, as it is independent from government planning and execution of its functions.
This court is not unmindful of petitioner’s arguments that local development corporations such as the BEDC, which channel public funds into community and business development, should be subject to public scrutiny. Certainly petitioner’s requests for information are in keeping with the spirit of the Freedom of Information Law, but in the absence of direction from the State Legislature specifying the inclusion of these hybrid organizations in their definition of subject agencies, this court feels constrained to deny petitioner’s relief.
Because of this determination, it is not necessary for the court to determine the other issues presented.