Addressing the issues raised on the cross appeal, we conclude that the court's award of child support was adequate and that the court did not abuse its discretion in determining the amount of attorney's fees. (Appeal from Judgment of Supreme Court, Erie County, Forma, J.—Divorce.) Present—Dillon, P. J., Callahan, Denman, Green and Pine, JJ.

■ In the Matter of ROME SENTINEL COMPANY, Appellant, v CITY OF ROME et al., Respondents. (Appeal No. 1.)—Judgment unanimously affirmed without costs *(see, Matter of Prisoners' Legal Servs. v New York State Dept. of Correctional Servs.,* 73 NY2d 26). (Appeal from Judgment of Supreme Court, Oneida County, Shaheen, J.—Article 78.) Present—Dillon, P. J., Callahan, Denman, Green and Pine, JJ. *[See,* 145 Misc 2d 183.]

■ In the Matter of ROME SENTINEL COMPANY, Appellant, v CITY OF ROME et al., Respondents. (Appeal No. 2.)—Judgment unanimously affirmed without costs *(see, Matter of Prisoners' Legal Servs. v New York State Dept. of Correctional Servs.,* 73 NY2d 26). (Appeal from Judgment of Supreme Court, Oneida County, Shaheen, J.—Article 78.) Present—Dillon, P. J., Callahan, Denman, Green and Pine, JJ. *[See,* 145 Misc 2d 183.]

■ CARL GIFALDI et al., Appellants, v DUMONT CO., INC., Doing Business as DUMONT CHEMICAL COMPANY, et al., Defendants, JEFFERSON CHEMICAL COMPANY et al., Respondents, and INTERSTATE TIRE COMPANY, Appellant. (Appeal No. 1.)—Judgment unanimously affirmed without costs. Memorandum: The court properly dismissed the action against the moving defendants, the suppliers of the component chemicals incorporated into the allegedly defective polyurethane foam insulation in plaintiffs' building. The negligence and products liability claims fail to state a cause of action because the amended complaint does not allege that the component chemicals were unreasonably dangerous at the time they left the hands of the defendants. The allegations of defectiveness are directed exclusively to the polyurethane foam insulation. Absent specific allegations that the components were defective or that the manufacturers knew that their products would be combined to form a dangerous or defective product, the defectiveness of the finished product cannot be imputed to the manufacturers of the components.

Additionally, plaintiffs' negligence and products liability claims fail to state a cause of action because plaintiffs did not identify which entities manufactured the chemicals incorporated into the foam insulation installed in plaintiffs' building.