■ In the Matter of Rome Sentinel Company, Respondent, v City of Rome et al., Appellants.—Judgment unanimously reversed on the law without costs and petition dismissed. Memorandum: Petitioner sought disclosure, pursuant to the Freedom of Information Law (FOIL), of a report of the City of Rome Water Department that consisted of an internal review

of that agency. FOIL embodies a broad standard of disclosure of government agency documents, which are presumptively available to public inspection and copying unless the agency can show that they are exempt from disclosure *(see,* Public Officers Law § 84; *Matter of Capital Newspapers Div. v Burns,* 67 NY2d 562, 565-566; *Matter of Buffalo News v Buffalo Mun. Hous. Auth.,* 163 AD2d 830; *see also, Matter of Prisoners' Legal Servs. v New York State Dept. of Correctional Servs.,* 73 NY2d 26, 30). Intra-agency documents are exempt from disclosure under FOIL so as "to protect the deliberative process of the government by ensuring that persons in an advisory role [are] able to express their opinions freely to agency decision makers" *(Matter of Sea Crest Constr. Corp. v Stubing,* 82 AD2d 546, 549; *see,* Public Officers Law § 87 [2] [g]; *Matter of Xerox Corp. v Town of Webster,* 65 NY2d 131, 132; *Kheel v Ravitch,* 93 AD2d 422, 427-428, *affd* 62 NY2d 1; *Ingram v Axelrod,* 90 AD2d 568, 569).

We have conducted an in camera review of the subject report and find that the report does not contain statistical or factual tabulations or data, instructions to staff that affect the public or final agency policies or determinations. It consists solely of opinions, advice, evaluations, recommendations and other subjective material and is therefore exempt from disclosure *(see,* Public Officers Law § 87 [2] [g]; *Matter of Miracle Mile Assocs. v Yudelson,* 68 AD2d 176, *lv denied* 48 NY2d 606, 706; *see also, Matter of Xerox Corp. v Town of Webster, supra; Matter of Town of Oyster Bay v Williams,* 134 AD2d 267).

In view of our conclusion, we do not reach respondents' contention that the report is exempt from disclosure because it is an unwarranted invasion of privacy *(see,* Public Officers Law § 87 [2] [b]; § 89 [2] [b] [v]). In addition, because respondent Water Department had a reasonable basis for withholding the report, petitioner is not entitled to attorney's fees or disbursements *(see, Matter of Hopkins v City of Buffalo,* 107 AD2d 1028; *Matter of Niagara Envtl. Action v City of Niagara Falls,* 100 AD2d 742, *affd* 63 NY2d 651). (Appeal from Judgment of Supreme Court, Oneida County, Shaheen, J.—Article 78.) Present—Callahan, J. P., Denman, Balio, Lawton and Lowery, JJ. *[See,* 145 Misc 2d 183.]