## In the Matter of Buffalo News, Inc., Appellant, v Buffalo Enterprise Development Corporation, Respondent.

Fourth Department, December 26, 1991

44

*Jaeckle, Fleischmann & Mugel (Andrea R. Moore* of counsel), for appellant.

*John P. Lane (Renee V. Peppy* of counsel), for respondent.

**OPINION OF THE COURT**

DENMAN, P. J.

Petitioner, The Buffalo News, commenced this proceeding under CPLR article 78 and Public Officers Law § 84 *et seq.* (more commonly known as the Freedom of Information Law [FOIL]), seeking review of a decision of the Buffalo Enterprise Development Corporation (BEDC) denying petitioner access to information in it files. BEDC refused to disclose the information on the ground that it is not subject to the provisions of FOIL because it is not a government agency. Upon its determination that the BEDC is not an agency subject to the requirements of FOIL because "it is independent from government planning and execution of its functions" (148 Misc 2d 657, 659), Supreme Court denied the relief requested by petitioner and did not reach the other issues presented, namely, whether the information petitioner requested is subject to the FOIL privacy exemption *(see,* Public Officers Law § 87 [2]; § 89 [2] [b]) and whether petitioner is entitled to recover reasonable attorney's fees and costs incurred in this proceeding. Because we conclude that the BEDC is an agency subject to the requirements of FOIL, we reverse and remit to Supreme Court for an in camera inspection of the documents withheld and determination of the remaining issues.

In enacting FOIL, the Legislature declared that government is the public's business *(see,* Public Officers Law § 84) and established a strong commitment to open government and

public accountability by imposing "a broad standard of open disclosure upon government agencies [whereby] all records are presumptively available for public inspection and copying unless they fall within one of FOIL's eight exemptions" *(Matter of Buffalo News v Buffalo Mun. Hous. Auth.,* 163 AD2d 830; *see also, Matter of Capital Newspapers v Burns,* 67 NY2d 562, 565; *Matter of Farbman & Sons v New York City Health & Hosps. Corp.,* 62 NY2d 75, 79-80). Public Officers Law § 86 (3) defines an "agency" as "any state or municipal department, board, bureau, division, commission, committee, public authority, public corporation, council, office or other *governmental entity performing a governmental or proprietary function* for the state or any one or more municipalities thereof, except the judiciary or the state legislature" (emphasis supplied). The Court of Appeals has held that there is nothing to suggest that the Legislature intended the definition of "agency" to be given anything other than "its natural and most obvious meaning" within the broader rationale that FOIL is to be "liberally construed" and its exemptions "narrowly interpreted" in order to maximize public access to government *(Matter of Capital Newspapers v Whalen,* 69 NY2d 246, 251, 252).

As indicated in its descriptive brochure and certificate of incorporation, the BEDC was organized by the City of Buffalo as a "local development corporation" pursuant to Not-For-Profit Corporation Law § 102 (a) (5); § 201 (b); §§ 402 and 1411, "to advance the objectives of [the city's] Department of Community Development * * * [and] to facilitate partnership with the private sector in strengthening Buffalo's downtown, its neighborhoods, and its business and industries". Occupying rent-free offices in City Hall, it "acts as the City's agent to invest public funds in economic development activities" and "to lessen the burdens of government and to act in the public interest". It is required to disclose its annual budget publicly, to subject that budget to a public hearing and to file its audited financial report with the city annually because, as a city development agency, it "acts for or on behalf of the city in expending money granted to the city or [itself] for development purposes" (Code of City of Buffalo § 6-21).

Moreover, the Committee on Open Government, the State administrative agency oversees FOIL (Public Officers Law § 89 [1]), and issues advisory opinions concerning access to records under FOIL (Public Officers Law § 89 [1] [b] [i]), has determined that local development corporations, such as the BEDC are

subject to FOIL (NY Dept of State Comm on Open Government Advisory Opn No. 3340 [May 16, 1984]). Because the Committee's determination that local development corporations are subject to FOIL is neither irrational nor unreasonable, that determination should be upheld by the courts *(Matter of Howard v Wyman,* 28 NY2d 434, 438, *rearg denied* 29 NY2d 749).

We therefore conclude that, because the BEDC acts as a governmental agency, it is subject to the disclosure requirements of FOIL. Because agency prescreening of records requested under FOIL is antithetical to FOIL's express and narrow exemption categories *(Matter of Capital Newspapers v Whalen, supra,* at 253-254), the BEDC has the burden of proving that the loan records it has withheld from petitioner fall within an exemption from disclosure *(Matter of Farbman & Sons v New York City Health & Hosps. Corp., supra,* at 80; *Matter of Westchester Rockland Newspapers v Kimball,* 50 NY2d 575, 580; *Hawkins v Kurlander,* 98 AD2d 14, 15). Although there is no evidence that the loan records requested by petitioner fall within such exemption, the thrust of petitioner's request is for unrestricted access to the BEDC's loan files. The matter therefore should be remitted to Supreme Court for in camera review of the contested documents in order to determine whether those documents should be disclosed *(Matter of Farbman & Sons v New York City Health & Hosps. Corp., supra,* at 83; *Matter of Washington Post Co. v New York State Ins. Dept.,* 61 NY2d 557, 567; *Matter of Miracle Mile Assocs. v Yudelson,* 68 AD2d 176, 180, *lv denied* 48 NY2d 706), and whether petitioner should be awarded reasonable attorney's fees and costs if the court finds that the BEDC unreasonably withheld the requested records (Public Officers Law § 89 [4] [c]; *Matter of Rome Sentinel Co. v City of Rome,* 174 AD2d 1005; *Matter of Powhida v City of Albany,* 147 AD2d 236, 238-239; *Matter of Niagara Envtl. Action v City of Niagara Falls,* 100 AD2d 742, *affd* 63 NY2d 651).

CALLAHAN, J. (dissenting). I respectfully disagree and vote to affirm for reasons stated at Supreme Court, Erie County *(see, Matter of Buffalo News v Buffalo Enter. Dev. Corp.,* 148 Misc 2d 657). Under the Federal Freedom of Information Act or FOIA (5 USC § 552), a FOIA agency is defined as a "Government controlled corporation" (5 USC § 552 [f]). The New York statute (Public Officers Law art 6) was patterned after the

Federal statute and thus we look to Federal case law for guidance *(Hawkins v Kurlander,* 98 AD2d 14, 16). The Federal courts have focused on the level of governmental control over a particular corporation to determine whether it falls within the purview of the statute *(see, Forsham v Harris,* 445 US 169 [private grantee of Federal funds excluded from FOIA]; *United States v Orleans,* 425 US 807 [community action agency and recipient of Federal funds not subject to Federal Tort Claims Act absent day-to-day supervision by Federal Government]; *Irwin Mem. Blood Bank v American Natl. Red Cross,* 640 F2d 1051 [close ally of Federal Government but operations not subject to Federal control]).

In my view, Supreme Court properly concluded that the Buffalo Enterprise Development Corporation (BEDC) "does not fit the definition of an 'agency', as it is independent from government planning and execution of its functions." *(Matter of Buffalo News v Buffalo Enter. Dev. Corp., supra,* at 659.) While it receives and dispenses public funds, none of its funds comes from the general funds of the City of Buffalo. The city has no regulatory authority over the BEDC, nor any control over the decision-making process of the board. Thus, I conclude that the BEDC is not a "governmental entity performing a governmental or proprietary function" (Public Officers Law § 86 [3]) for the city.

LAWTON and DAVIS, JJ., concur with DENMAN, P. J.; CALLAHAN, J., dissents and votes to affirm in a separate opinion in which BALIO, J., concurs.

Judgment reversed, on the law, without costs, and petition granted, in accordance with an opinion by DENMAN, P. J.