John **PIROZZI** and Frank **Rotundi, Plaintiffs,**

v.

The **CITY OF NEW YORK, The New York City Police Department, et al., Defendants.**

**95 Civ. 8124 (SAS).**

United States District Court,
S.D. New York.

Dec. 4, 1996.

Joseph P. Baumgartner, Lysaght, Lysaght & Kramer, P.C., Lake Success, N.Y., for Plaintiffs.

Robin Binder, Corporation Counsel of the City of New York, New York City, for Defendants.

---

## MEMORANDUM OPINION

SCHEINDLIN, District Judge.

Plaintiffs are police officers who contend that their Fifth and Fourteenth Amendment rights were violated when the New York City Civilian Complaint Review Board ("CCRB") produced records of its investigation of the officers to the Kings County District Attorney pursuant to the District Attorney's subpoena. Plaintiffs seek damages for these alleged violations of their civil rights under 42 U.S.C. § 1983. Currently before the Court are the parties' cross-motions for summary judgment. For the reasons stated below, Defendants' motion for summary judgment is granted, and Plaintiffs' motion is denied.

## I. FACTUAL BACKGROUND

Plaintiffs John Pirozzi ("Pirozzi") and Frank Rotundi ("Rotundi") are employed by the New York City Police Department ("Police Department").[1] In 1992, as a result of a civilian complaint, Plaintiffs were the subject of an investigation by the Police Department's Civilian Complaint Investigative Bureau ("CCIB")[2] into Plaintiffs' alleged misconduct prior to and during the course of the arrests of Nicole Marcano and Brian Benjamin–Benn on June 18, 1992.

Plaintiffs were interviewed by CCIB investigators in September 1992. These interviews were conducted pursuant to Section 118–9 of the Police Department Patrol Guide, entitled "Interrogation of Members of the Service," and were tape recorded. Section 118–9 provides, *inter alia*, that statements made by a police officer in response to a departmental interrogation ("PG 118–9 statements"), and any information or evidence gained by reason of such statements, cannot be used against that police officer in any subsequent criminal proceedings.

In October 1992, the CCIB found that the allegations of misconduct against Plaintiffs had been substantiated. As a result, the Police Department Advocate's Office brought departmental charges and specifications against Plaintiffs, which are still pending. In July 1993, the CCIB became an agency independent and separate from the Police Department, and was renamed the CCRB.[3]

During that same month, the Kings County District Attorney's Office, in connection with its own investigation into Plaintiffs' alleged misconduct, served a subpoena on the CCRB seeking production of all records regarding its investigation of Plaintiffs, including Plaintiffs' PG 118–9 statements. Pursuant to its policy of compliance with subpoenas from the District Attorney, CCRB produced the requested documents and copies of the tape recorded PG 118–9 statements.[4] The District Attorney's office eventually commenced a criminal action against Plaintiffs in the Supreme Court of the State of New York, County of Kings, based on Plaintiffs' alleged misconduct during the arrests of Marcano and Benjamin–Benn. During pretrial proceedings, the trial judge rejected Plaintiffs' application to dismiss the indictment based on Plaintiffs' contention that the PG 118–9 statements had been improperly used against them by the District Attorney's office. The jury found Rotundi not guilty of all criminal charges, and found Pirozzi guilty of one criminal charge. The trial judge set aside Pirozzi's guilty verdict, and the criminal action was dismissed. An appeal from the trial judge's order setting aside Pirozzi's guilty verdict is pending.

## II. DISCUSSION

A party is entitled to summary judgment when there is "no genuine issue of material fact" and the undisputed facts warrant judgment for the moving party as a matter of law. *See* Fed.R.Civ.P. 56(c); *Celotex v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). Here, the parties do not dispute the material facts underlying this action. The disposition of these motions therefore turns on whether the production of the PG 118–9 statements violated Plaintiffs' Fifth or Fourteenth Amendment rights as a matter of law.

**1.** *These facts are taken from the parties' jointly submitted Stipulation of Facts, dated August 20, 1996.*

**2.** On July 4, 1993, pursuant to New York City Charter § 440, the CCIB became the New York City Civilian Complaint Review Board, an entity separate and independent from the Police Department.

**3.** See footnote 2.

**4.** When the CCIB was still part of the Police Department, CCIB also had a policy of compliance with District Attorney subpoenas; however,

CCIB's procedure for subpoena compliance had been to forward the subpoena and the documents to the Police Department's Legal Bureau for review. The Legal Bureau then transmitted the documents to the District Attorney's office. After CCRB was established in July 1993, it initially continued this practice, but no longer forwards subpoena responses to the Police Department for review. The Legal Bureau has no record indicating that it reviewed CCRB's response to the subpoena.

## A. *Fifth Amendment*

▮ The Fifth Amendment to the Constitution of the United States provides that no person "shall be compelled in any criminal case to be a witness against himself." This protection against self-incrimination applies to the states by incorporation into the Due Process Clause of the Fourteenth Amendment. *Malloy v. Hogan,* 378 U.S. 1, 84 S.Ct. 1489, 12 L.Ed.2d 653 (1964). A person may, however, be compelled to testify against himself if immunity has been conferred upon him. *Kastigar v. United States,* 406 U.S. 441, 92 S.Ct. 1653, 32 L.Ed.2d 212 (1972). The use of immunized statements in a criminal prosecution, or any evidence derived from those statements, violates the Fifth Amendment rights of the person granted immunity. *United States v. Nanni,* 59 F.3d 1425, 1431 (2d Cir.) (citing *Kastigar,* 406 U.S. at 453, 92 S.Ct. at 1661), *cert. denied,* —— U.S. ——, 116 S.Ct. 576, 133 L.Ed.2d 499 (1995).

Plaintiffs contend that the CCRB's production of their PG 118–9 statements to the District Attorney's office violated their Fifth Amendment right against self-incrimination as a matter of law. They argue that they were compelled to testify during the CCIB investigation under penalty of losing employment with the police force, and therefore that such testimony was necessarily given under a grant of immunity. Plaintiffs claim that CCRB's production of the statements was in derogation of that immunity and in violation of the Fifth Amendment.

Defendants do not dispute that plaintiffs were entitled to use immunity with respect to their PG 118–9 statements, or that the use of evidence derived from those statements in a criminal prosecution would violate Plaintiffs' Fifth Amendment rights. Rather, Defendants argue that the CCRB's act of producing the statements did not violate Plaintiffs' rights against self-incrimination.

▮ As a preliminary matter, the mere access of the prosecution to a defendant's immunized statements does not violate the Fifth Amendment. Under *Kastigar,* when a criminal defendant establishes that the prosecution had access to immunized statements given by the defendant in relation to a pending criminal proceeding, the prosecution has the burden of proving by a preponderance of the evidence that the statements were not used in the context of the criminal prosecution. 406 U.S. at 460–62, 92 S.Ct. at 1664–66; *United States v. Nanni,* 59 F.3d at 1431–32. The prosecution must show that the information used to prosecute the defendant was derived from sources independent of the immunized statements. *Id.*

The issue here is *not* the appropriateness of the prosecution's use of Plaintiffs' PG 118–9 statements.[5] Rather, the gravamen of Plaintiffs' action is the claim that the initial production of those statements to the District Attorney violated Plaintiffs' Fifth Amendment right against self-incrimination. As discussed above, the courts have concluded that the prosecution may have access to the Plaintiffs' immunized statements without offending the Fifth Amendment. Accordingly, the CCRB cannot have violated the Constitution when it merely produced the statements pursuant to the District Attorney's valid subpoena.

▮ Moreover, CCRB had no option other than to comply with the subpoena. Under Article 5 of the New York State Civil Rights Law, personnel records of police officers are not subject to inspection or review absent a court order. *See* N.Y.Civ. Rights Law § 50–a(1). However, § 50–a(4) explicitly exempts District Attorney's offices from this restriction. Investigations into civilian complaints such as that which occurred here fall within the definition of "personnel records" for purposes of § 50–a. *See Gannett Co. v. James,* 86 A.D.2d 744, 447 N.Y.S.2d 781, 783 (4th Dept.1982) (complaints made to Internal Affairs are personnel records under § 50–a because they are used to evaluate performance), *appeal denied,* 56 N.Y.2d 502, 450 N.Y.S.2d 1023, 435 N.E.2d 1099 (1982); *Prisoners' Legal Servs. of New York v. New York State Dep't of Correctional Servs.,* 73 N.Y.2d 26, 538 N.Y.S.2d 190, 192, 535 N.E.2d 243,

---

**5.** Plaintiffs in fact pursued this issue in their criminal trial. The trial judge rejected Plaintiffs' argument that the indictment should be dismissed because of the prosecution's allegedly improper use of the PG 118–9 statements.

245 (1988) (citing *Gannett* in finding that records of grievances by inmates are personnel records for purposes of § 50–a). CCRB therefore had no basis to object to the District Attorney's subpoena.

This case is very similar to *Gwillim v. City of San Jose*, 929 F.2d 465 (9th Cir.1991), in which a police officer's immunized statements concerning his alleged misconduct were given to a prosecutor by the San Jose Police Department's administrative investigator. California state law, like New York law in this case, provided a similar restriction on police officer's personnel records, with an analogous exception to that rule for requests from the County District Attorney. Gwillim sued the City of San Jose, the City Attorney and the Police Chief for the City of San Jose. Like the Plaintiffs here, Gwillim alleged that the disclosure of his immunized statements to the prosecutor violated his Fifth Amendment right against self-incrimination.

The district court granted the defendants' motion for summary judgment, and the Ninth Circuit affirmed. The Ninth Circuit stated that "[a] wall between the immunized testimony and the prosecution 'would be the equivalent of granting transactional immunity'" as opposed to use immunity, and that such a wall would "'negat[e] the plain import of *Kastigar*,'" which clearly provides the prosecution with access to immunized statements provided that the defendant is given use immunity and the statements are not used in a criminal prosecution. *See Gwillim*, 929 F.2d at 468 (citations omitted). Moreover, the court found that it was not the defendants' responsibility to assure that the prosecution's use of the information complied with the Constitution. *Id.* The court therefore rejected the plaintiff's claim that the defendants had violated his Fifth Amendment rights by producing his immunized statement.

The same result obtains here. The Defendants were obligated to comply with the District Attorney's subpoena under § 50–a. The District Attorney was not constitutionally prohibited from seeking access to Plaintiffs' personnel records, and by extension, the CCRB was not prohibited from providing access. Moreover, the CCRB had no obligation to insure that the District Attorney used whatever information it gained in a fashion that complied with the restrictions of the Fifth Amendment. Because Plaintiffs have not shown that Defendants violated their Fifth Amendment rights, Defendants are entitled to summary judgment on this claim.

### B. *Fourteenth Amendment Due Process*

■ Plaintiffs also claim that Police Department regulations have created a constitutionally protected privacy right in the confidentiality and immunity of PG 118–9 statements, and that the production of the statements therefore violated their Fourteenth Amendment right to due process.[6] Plaintiff bases this argument on a provision of PG § 118–9 that instructs the interrogating officer that PG 118–9 statements

> are not to be revealed nor released to any person or agency outside the department *without* prior written approval of Deputy Commissioner–Legal Matters. If a subpoena duces tecum is received for any such questions and answers, the Legal Bureau should be contacted *immediately*.

PG § 118–9, p. 3. No record of a Legal Department review of Plaintiffs' PG 118–9 statements exists. *See* Stipulation of Facts, dated August 20, 1996, at ¶ 15.

■ The right to privacy, part of the Due Process Clause of the Fourteenth Amendment, protects an individual's interest in avoiding disclosure of information about personal matters. *See Whalen v. Roe*, 429 U.S. 589, 600, 97 S.Ct. 869, 876–77, 51 L.Ed.2d 64 (1977). Whether the disclosure of the PG 118–9 statements is covered by the due process clause in the first instance depends upon whether the Plaintiffs had a "reasonable expectation of privacy in the infor-

---

6. Plaintiffs assert that they have Fourteenth Amendment liberty/and or property rights in the PG 118–9 statements, but have failed to apply these Fourteenth Amendment doctrines to their claim in any legally cognizable way. Their claim is best construed as a claim that the Defendants violated Plaintiffs' putative Fourteenth Amendment right to privacy with respect to the content of the PG 118–9 statements, and the Court will treat it as such.

mation." *Nixon v. Administrator of General Services*, 433 U.S. 425, 458, 97 S.Ct. 2777, 2797–98, 53 L.Ed.2d 867 (1977). The reasonableness of a person's expectation depends, in part, upon the relevant statutory restrictions governing disclosure of that information. *Kimberlin v. United States Dep't of Justice*, 788 F.2d 434, 438 (7th Cir.), *cert. denied*, 478 U.S. 1009, 106 S.Ct. 3306, 92 L.Ed.2d 719 (1986).

Plaintiffs allege that PG § 118–9 creates a right of privacy in statements obtained pursuant to it.[7] However, the relevant statutory provision governing disclosure of personnel records, of which PG 118–9 statements are a part, explicitly provides for the disclosure that occurred here. While Civil Rights Law § 50–a provides that police personnel records are confidential and not subject to disclosure absent court authorization, District Attorney's offices are exempt from these restrictions. Because the applicable state statute affords no protection against disclosures of this type, Plaintiffs therefore did not have a reasonable expectation of privacy in the PG 118–9 statements with respect to disclosure to the District Attorney. *See Kimberlin*, 788 F.2d at 439 (plaintiff had no reasonable expectation of privacy in disclosure of information that fell within exception to statutory prohibition against disclosure).

Because Plaintiffs have failed to establish a reasonable expectation of privacy in the PG 118–9 statements with respect to disclosure to the District Attorney, Plaintiffs have not demonstrated that the production of the statements violated their right to due process under the Fourteenth Amendment. Defendants are entitled to summary judgment on this ground as well.

## III.  CONCLUSION

For the foregoing reasons, Defendants' summary judgment motion is granted.

Plaintiffs' cross-motion for summary judgment is denied.

SO ORDERED:

---

**7.** Plaintiffs assert that PG § 118–9 creates rights in addition to the constitutional right against self-incrimination because it requires that PG 118–9 statements be forwarded to the Legal Department before production. Yet Plaintiffs have failed to explain why this procedure necessarily protects their right to privacy. Plaintiffs do not argue, for example, that the Legal Department could have refused to produce the statements. Moreover, the District Attorney's office, pursuant to Civil Rights Law § 50–a(4), is explicitly exempt from the confidentiality requirements applying to a policeman's personnel records.