**John PIROZZI, Frank Rotundi, Plaintiffs–Appellants,**

v.

**The CITY OF NEW YORK, The New York City Police Department, The New York City Police Department Civilian Complaint Investigation Bureau, The New York City Civilian Complaint Review Board, Susan Pettibone, officially in her capacity as an employee of the New York City Police Department Civilian Complaint Investigation Bureau and/or the Civilian Complaint Review Board, Susan Pettibone, individually, Police Officer "John Doe" P.O., (the name John Doe is used herein to indicate the employee of the New York City Police Department Civilian Complaint Investigation Bureau and/or the Civilian Complaint Review Board and/or the employee of any other defendant that wrongfully turned over certain privileged testimony to the Kings County District Attorney) officially in his capacity as an employee of the New York City Police Department Civilian Complaint Investigation Bureau and/or the Civilian Complaint Review Board, John Doe, individually, Defendants–Appellees.**

**No. 1773, Docket 96–9689.**

United States Court of Appeals, Second Circuit.

Argued July 16, 1997.

Decided July 30, 1997.

Raymond E. Kerno, Lysaght, Lysaght & Kramer, P.C., Lake Success, NY (Joseph P. Baumgartner, of counsel), for Plaintiffs–Appellants.

Janet L. Zaleon, Corporation Counsel of the City of New York, New York City (Paul A. Crotty, Corporation Counsel, Barry P. Schwartz, Robin Binder, of counsel), for Defendants–Appellees.

Before: WINTER, Chief Judge, JACOBS and LEVAL, Circuit Judges.

PER CURIAM:

John Pirozzi and Frank Rotundi appeal from Judge Scheindlin's adverse grant of summary judgment in their action brought under 42 U.S.C. § 1983. The appellants, New York City Police Officers, allege that the release of their testimony before the New York City Police Department Civilian Complaint Review Board to the Kings County District Attorney violated both their Fifth Amendment right against compelled self-incrimination and their Fourteenth Amendment right to due process of law. We affirm for the reasons stated by the district court. *Pirozzi v. City of New York*, 950 F.Supp. 90 (S.D.N.Y.1996).