■ In the Matter of NIAGARA ENVIRONMENTAL ACTION, by its President, KENNETH RAYMOND, Respondent, v CITY OF NIAGARA FALLS, Appellant. — Judgment unanimously modified, and as modified, affirmed, without costs, in accordance with the following memorandum: Respondent has not met its burden of proving that the requested materials are exempt under section 87 (subd 2, par [a]) of the Public Officers Law, and, therefore, Special Term properly granted petitioner access to said materials. An agency has the burden of proving that any materials requested under the Freedom of Information Law (Public Officers Law, art 6) are exempt from disclosure pursuant to subdivision 2 of section 87 (Public Officers Law, § 89, subd 4, par [b]; *Matter of Doolan v Board of Coop. Educational Servs.*, 48 NY2d 341; *Matter of Gannett Co. v County of Monroe*, 59 AD2d 309, affd 45 NY2d 954). In the instant case, the only proof respondent submitted concerning the requested material's exemption from discovery was conclusory allegations of respondent's counsel. There is no indication in the record that any of the parties requested the trial court to conduct an *in camera* inspection. An attorney's affidavit containing conclusory assertions does not meet the agency's burden of proof under the Public Officers Law (*Church of Scientology v State of New York*, 46 NY2d 906; *Matter of Miracle Mile Assoc. v Yudelson*, 68 AD2d 176). ¶ However, Special Term erred in awarding petitioner attorney's fees. Respondent had a reasonable basis in the law for withholding the requested materials (Public Officers Law, § 89, subd 4, par [c]). (Appeal from judgment of Supreme Court, Niagara County, Flaherty, J. — art 78.) Present — Doerr, J. P., Boomer, Green, O'Donnell and Schnepp, JJ.