*683 OPINION OF THE COURT
David Demarest, J.
This is a special proceeding pursuant to CPLR article 78 in which petitioner has sought access to certain documents pursuant to the New York Freedom of Information Law (FOIL; Public Officers Law art 6). Specifically, petitioner, which has challenged its tax assessments in separate proceedings pursuant to article 7 of the Real Property Tax Law, has attempted to obtain information from the respondent concerning appraisals made by an outside consultant in connection with the town’s over-all revaluation of its taxable properties.
By decision and order dated January 30, 1999, this court limited the material available to the petitioner to those portions of the retainer agreement between the town and its consultant which might contain “instructions to staff that might affect the public” (Public Officers Law § 87 [2] [g] [ii]) and “statistical or factual tabulations or data”. (Public Officers Law § 87 [2] [g] [i].)
Respondents have submitted the retainer agreement and the appraisal report to the court for in camera review.
Upon review it is apparent the retainer agreement contains no “instructions to staff” which should be disclosed (Public Officers Law § 87 [2] [g] [ii]). It is a fairly standard agreement in which the consultant agrees to provide appraisal services of particular parcels at an agreed price.
A dispute has arisen between the parties as to whether those portions of the appraisals which contain references to comparable sales should be disclosed. Petitioner seeks only the descriptions of the comparables and any sales information including dates and terms of sale. They concede they are not entitled to any adjustments made to the comparables by the appraiser or any other information which is not purely “statistical or factual tabulations or data” (Public Officers Law § 87 [2] [g] [i]). They argue this information is public record and therefore not the type of inter-agency or intra-agency materials exempt from disclosure by FOIL.
Respondent argues the material should be exempted because even though the comparable sales chosen might contain factual data readily available elsewhere, the determination of an appraiser to use any particular sale as a comparable represents a professional decision which is part of the expert’s deliberative process in formulating his ultimate determination of value.
There is little guidance in the reported cases construing the statutory language governing the release of the type of mate *684 rial sought here. The case relied upon by this court in its January 30, 1999 decision to shield the bulk of the material sought, Xerox Corp. v Town of Webster (65 NY2d 131 [1985]), acknowledged that appraisals otherwise shielded from scrutiny might contain factual data not so protected. It remanded to the lower court the determination as to whether such material existed, without further direction as to the meaning of the statutory language.
In several of its opinions the Committee on Open Government has identified the type of materials it considered statistical or factual. Thus, books of account ledgers, and similar documentation (FOIL Advisory Opn 4557); costs of waste treatment (FOIL Advisory Opn 4687); amounts paid by a town to an engineering firm (FOIL Advisory Opn 4690); and school district telephone records (FOIL Advisory Opn 7926) have been held to be nonexempt.
The specific comparable sales used by an appraiser in the formulation of his opinion of value do not fit into the statistical or factual data exception because they are not a mere recitation of readily available numbers or items. To prepare a real estate appraisal the professional appraiser must necessarily cull through public real estate transaction records from many sources to find properties which he or she, subjectively, deems similar enough to the subject property to warrant further analysis. This is much different, for example, from an appraisal that lists all the sales of commercial properties within a town for a certain period or all the transactions within the State with sales prices in excess of $10 million. Choosing any particular comparable property involves a thought process and professional judgment which cannot be classified as mere data gathering.
Once the comparables have been chosen, they obviously become data, but that should not be determinative of whether it is subject to disclosure. For example, a personnel committee might amass a quantity of specific facts about a prospective candidate which it determines would be relevant in making a hiring decision. Though such information is statistical or available elsewhere as public record it is not the type of information intended to be subject to public review when it is otherwise exempted under the statute.
It is therefore the decision of this court and it is hereby ordered the respondent need not disclose, pursuant to FOIL, the retainer agreement between it and its consultant nor that *685 portion of the consultant’s appraisal which contains information concerning comparable properties used in determining the fair market value of petitioner’s property.