### Howard NORTON, Plaintiff–Counter–Defendant–Appellee,

v.

### TOWN OF ISLIP, Thomas Isles, as Commissioner of the Town of Islip Department of Planning and Development and Carl P. Maltese, as Division Director of the Division of Building of the Town of Islip Department of Planning and Development, and as Town of Islip Director of Building and Housing, Defendants–Counter–Claimants–Appellants.

No. 03–7066.

United States Court of Appeals, Second Circuit.

Oct. 9, 2003.

Edward M. Ross, Rosenberg Calica & Birney LLP (Judah Serfaty, on the brief), Garden City, NY, for Defendants–Counter–Claimants–Appellants.

Thomas L. Costa, Melville, NY, for Plaintiff–Counter–Defendant–Appellee.

Present: CARDAMONE, MINER, and CALABRESI, Circuit Judges.

### SUMMARY ORDER

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court is **AFFIRMED**.

In this complicated case dealing with whether the Town of Islip afforded the plaintiff procedural due process when it issued a certificate of occupancy ("C/O") that contained certain "revoking notations" concerning the plaintiff's right to a nonconforming use in his property, we find ourselves in substantial agreement with the following conclusions reached by the district court in its order:

that the Town did violate plaintiff's right to procedural due process; that plaintiff is awarded attorneys fees as the prevailing party pursuant to 42 U.S.C. § 1988; that plaintiff's application is granted for a declaratory judgment recognizing that the 1990 C/O was the validly issued C/O for the premises and that the premises will continue to enjoy its status as nonconforming until the Town revokes its status in a manner conforming with requirements of due process; that plain-

tiff's application is denied for a permanent injunction against the Town from taking any action to punish or prohibit plaintiff from using the premises as a two-family dwelling; that plaintiff's substantive due process claim is dismissed; and that the defendants' motion for summary judgment is denied.

We have considered all of the defendants' arguments and find them to be without merit. The district court's judgment is therefore AFFIRMED.