■ In the Matter of HOWARD NORTON, Respondent, v TOWN OF ISLIP et al., Appellants. [793 NYS2d 133]—

In a proceeding pursuant to CPLR article 78 to compel production of certain documents pursuant to the Freedom of Information Law (Public Officers Law art 6), the appeal is from a judgment of the Supreme Court, Suffolk County (Mullen, J.), dated December 15, 2003, which granted the petition to direct the production of retainer agreements, billing records, and payment records involving the Town of Islip and its outside counsel

in an action entitled *Norton v Town of Islip* (239 F Supp 2d 264 [2003]), and for an award of a reasonable attorney's fee, and set the matter down for a hearing on the amount of the fee.

Ordered that the judgment is modified, on the law, by deleting the provisions thereof granting that branch of the petition which was for an award of a reasonable attorney's fee and setting the matter down for a hearing on that issue, and substituting therefor a provision denying that branch of the petition; as so modified, the judgment is affirmed, with costs to the petitioner.

Following the petitioner's success in his action against, among others, the Town of Islip, brought pursuant to 42 USC § 1983 (*see Norton v Town of Islip*, 239 F Supp 2d 264 [2003], *affd* 77 Fed Appx 56, 2003 WL 22318570 [2d Cir 2003], *cert denied* 542 US —, 124 S Ct 2838 [2004]), his attorney made applications under the Freedom of Information Law (hereinafter FOIL) (*see* Public Officers Law, art 6, § 84 *et seq.*). These applications requested a record of payments made to attorneys or law firms for legal services in connection with the petitioner's federal action, all retainer agreements with these attorneys or law firms, and all billing invoices from them. Well beyond the five-day deadline for complying with these requests (*see* Public Officers Law § 89 [3]), the Town furnished a dollar figure and otherwise claimed that the attorney-client privilege barred compliance with the remainder of the requests. The petitioner's attorney took an administrative appeal to the appellant Richard Hoffman as Deputy Town Attorney and FOIL Appellate Officer. During the course of the appeal, the petitioner's attorney expressly stated that he was acting on behalf of the petitioner. Mr. Hoffman upheld the Town's claim of privilege.

The petitioner brought this proceeding to compel compliance with the requests made in his attorney's applications and for an award of a reasonable attorney's fee pursuant to Public Officers Law § 89 (4) (c). Prior to answering, the appellants asserted objections in point of law (*see* CPLR 7804 [f]), contending, inter alia, that the petitioner lacked standing because he was not the party making the FOIL requests. The Supreme Court found all of the objections in point of law to be without merit. The appellants then interposed their answer, and the Supreme Court, in the judgment appealed from, granted the relief requested in the petition and set the matter down for a hearing on the amount of a reasonable attorney's fee to be awarded to the petitioner.

The appellants' contention that the petitioner lacks standing is without merit. FOIL is to be liberally construed, such that certain records are to be made available to any person on

request (*see Matter of Lucas v Pastor*, 117 AD2d 736 [1986]). Any "person denied access to a record" may appeal and seek judicial review of any adverse appeal determination (*see* Public Officers Law § 89 [4] [a], [b]). Similarly, any person on whose behalf a FOIL request was made has standing to maintain a proceeding to review the denial of disclosure of the records requested (*cf. Matter of City of Newark v Law Dept. of City of N.Y.*, 305 AD2d 28, 34-35 [2003]). In the case at bar, the record demonstrates that the FOIL requests were made on the petitioner's behalf. Therefore, he has standing to maintain this proceeding.

We modify the judgment, however, to deny that branch of the petition which sought an award of a reasonable attorney's fee. Although ultimately unsuccessful, the Town had a reasonable basis in law for withholding the requested materials (*see* Public Officers Law § 89 [4] [c]; *Matter of Niagara Envtl. Action v City of Niagara Falls*, 63 NY2d 651, 652 [1984], *affg* 100 AD2d 742 [1984]).

The parties' remaining contentions are without merit. Schmidt, J.P., Goldstein, Crane and Fisher, JJ., concur.