In a proceeding pursuant to CFLR article 78, inter alia, to review a determination of Edward E Mangano, as County Executive of the County of Nassau, dated January 12, 2012, purportedly abolishing certain job titles, the petitioners appeal from a judgment of the Supreme Court, Nassau County (K. Murphy, J.), entered March 29, 2012, which denied the petition and dismissed the proceeding.
Ordered that the judgment is affirmed, with costs.
In June 2011, the Nassau County Legislature voted to approve a bill authorizing the amendment of the County’s 2011 budget in order “to abolish certain positions of employment . . . as a means of addressing the current economic shortfall.” The bill was signed into law on June 29, 2011.
Thereafter, on December 19, 2011, the County Legislature adopted a bill amending the budget, which became Local Law 198-2011 (hereinafter the local law). The local law permitted the abolition of, among other things, up to 48 correction corporal positions. Section 1 of the local law states, in relevant part, that the positions listed in “Appendix A to this Ordinance” “shall be *999 deemed abolished effective no later than December 29, 2011.” Section 3 of the local law states further that, “Appendix A to this Ordinance may have individual line items in it stayed by Executive Order. Nothing contained herein shall limit the stay to an individual line and this shall be interpreted as permitting a stay applicable to individual job titles.”
On or about December 28, 2011, in an executive order, Edward E Mangano, as County Executive of the County of Nassau (hereinafter the County Executive), stayed the abolition of an unspecified number of the subject correction corporal job titles that had been specified pursuant to the local law. On January 12, 2012, the County Executive amended the executive order to stay the abolition of 18 of the 48 subject titles. The remaining 30 correction corporals were demoted to correction officer positions, since their correction corporal titles had been abolished. The petitioners then commenced this CPLR article 78 proceeding, arguing that the County Executive acted in violation of the local law when he purportedly abolished the 30 correction corporal titles on January 12, 2012. The petitioners contend that section 1 of the local law was not self-executing; rather, it required the County to take some affirmative action to abolish the listed positions before December 29, 2011. On this basis, the petitioners argued that the County Executive untimely demoted 30 of the 48 correction corporals on January 12, 2012.
The petitioners failed to meet their burden of demonstrating that the County Executive acted in violation of lawful procedure, or that his act was affected by an error of law, was arbitrary and capricious, or was an abuse of discretion (see CPLR 7803 [3]; see generally Matter of Joralemon Realty NY, LLC v State of N.Y. Div. of Hous. & Community Renewal, 102 AD3d 965 [2013]). When considering questions of statutory interpretation, a court’s “primary consideration is to ascertain and give effect to the intention of the Legislature” (Yatauro v Mangano, 17 NY3d 420, 426 [2011] [internal quotation marks omitted]). “[T]he statutory text provides the clearest indication of legislative intent, and should be construed ‘to give effect to its plain meaning’ ” (Matter of United Parcel Serv., Inc. v Tax Appeals Trib. of the State of N.Y., 98 AD3d 796, 797 [2012], quoting Matter of DaimlerChrysler Corp. v Spitzer, 7 NY3d 653, 660 [2006]).
Here, the Supreme Court correctly found that the statutory language at issue was unambiguous, and that the provision of section 1 of the local law providing for the abolition of listed titles was self-executing. The plain meaning of the phrase, “[t]he positions listed below in Appendix A . . . shall be deemed abolished effective no later than December 29, 2011,” is that *1000 the listed positions will be deemed abolished as of the date set forth, without any further action by the County necessary. Further, the petitioners can point to nothing in the local law which requires any enabling act by the County in order to abolish the positions.
The petitioners’ arguments to the contrary are unavailing. Neither the fact that the County Executive issued a stay of the abolition of several of the positions on or about December 28, 2011, and amended that stay on January 12, 2012, nor the fact that the County allegedly formally laid off employees holding other listed job titles prior to December 29, 2011, alters the conclusion that the legislation at issue was self-executing, and that, as of December 29, 2011, all 48 of the correction corporal titles would have been deemed substantively abolished, but for the executive stay that was issued (cf. Suffolk County Assn. of Mun. Empls. v County of Suffolk, 175 AD2d 202 [1991]). Thus, contrary to the petitioners’ contentions, the County Executive’s determination on January 12, 2012, did not constitute an illegal or untimely attempt to abolish their positions.
The petitioners’ remaining contentions are without merit.
Accordingly, the Supreme Court properly denied the petition and dismissed the proceeding. Rivera, J.P., Sgroi, Cohen and Hinds-Radix, JJ., concur.