◼ In the Matter of CIVIL SERVICE EMPLOYEES ASSOCIATION INC., LOCAL 1000, AFSCME, AFL-CIO, et al., Respondents, v WESTCHESTER COUNTY HEALTH CARE CORPORATION et al., Appellants. [29 NYS3d 444]—

In a hybrid proceeding, inter alia, pursuant to CPLR article 78 to review Westchester County Health Care Corporation resolution No. 29, 2013, approved September 11, 2013, directing the establishment, administration, and maintenance of its own civil service system, and action for declaratory relief, the appeal is from so much of an order and judgment (one paper) of the Supreme Court, Westchester County (Neary, J.), entered January 21, 2014, as granted that branch of the petition/complaint which was to annul the resolution.

Ordered that the order and judgment is affirmed insofar as appealed from, with one bill of costs.

On February 11, 1997, the Public Authorities Law was amended to create the Westchester County Health Care Corporation (hereinafter the WCHCC), a public benefit corporation (hereinafter the Enabling Act). The Enabling Act provided that the WCHCC was "subject to the civil service law" (Public Authorities Law § 3304 [4]).

On September 11, 2013, the WCHCC Board of Directors (hereinafter the Board), the WCHCC's governing body (*see* Public Authorities Law § 3303), adopted resolution No. 29, 2013 (hereinafter the resolution), which directed the WCHCC's management to "take all steps and provide the resources necessary to establish, administer, and maintain its own civil service system." The petitioners/plaintiffs (hereinafter the petitioners)

commenced this hybrid proceeding/action (hereinafter proceeding) arguing, inter alia, that the Board acted in violation of the Enabling Act when it approved the resolution.

The standard of review in this proceeding pursuant to CPLR article 78 is whether the resolution under review was made in violation of lawful procedure, was affected by an error of law, or was arbitrary and capricious or an abuse of discretion (*see* CPLR 7803 [3]; *Matter of Resto v State of N.Y., Dept. of Motor Vehs.*, 135 AD3d 772 [2016]). When considering questions of statutory interpretation, a court's "primary consideration is to ascertain and give effect to the intention of the Legislature" (*Yatauro v Mangano*, 17 NY3d 420, 426 [2011] [internal quotation marks omitted]; *see Matter of Sheriff Officers Assn., Inc. v County of Nassau*, 110 AD3d 998, 999 [2013]). "[T]he statutory text provides the clearest indication of legislative intent, and should be construed 'to give effect to its plain meaning' " (*Matter of United Parcel Serv., Inc. v Tax Appeals Trib. of the State of N.Y.*, 98 AD3d 796, 797 [2012], quoting *Matter of Daimler-Chrysler Corp. v Spitzer*, 7 NY3d 653, 660 [2006]).

Here, the petitioners met their burden of proving that the Board's approval of the resolution was affected by an error of law, as the Enabling Act neither explicitly nor implicitly transferred to the WCHCC and its Board the authority to self-administer its own civil service system (*see* Public Authorities Law § 3300; *Matter of City of Mount Vernon v Cuevas*, 289 AD2d 674, 676 [2001]; *cf. Matter of Sheriff Officers Assn., Inc. v County of Nassau*, 110 AD3d 998 [2013]). Accordingly, the Supreme Court properly granted that branch of the petition/complaint which was to annul the resolution. Rivera, J.P., Hall, Cohen and Hinds-Radix, JJ., concur.