**34** In the Matter of GANNETT SATELLITE INFORMATION NETWORK, INC., Respondent, v COUNTY OF PUTNAM et al., Appellants. [37 NYS3d 299]—

In a proceeding pursuant to CPLR article 78 to compel the production of certain information pursuant to the Freedom of Information Law (Public Officers Law art 6), the County of Putnam and the Office of the Putnam County Clerk appeal from a judgment of the Supreme Court, Westchester County (Neary, J.), dated March 5, 2014, which granted the petition.

Ordered that the judgment is affirmed, with costs.

The petitioner, Gannett Satellite Information Network, Inc. (hereinafter Gannett), is the owner of The Journal News, a newspaper circulated primarily in Westchester, Rockland, and Putnam counties. In December 2012, a reporter for The Journal News submitted requests pursuant to the Freedom of Information Law (Public Officers Law art 6; hereinafter FOIL) to Westchester, Rockland, and Putnam counties seeking, as is relevant to this appeal, the names and addresses of all pistol permit holders in those respective counties. Pursuant to Penal Law § 400.00 (5), the names and addresses of such persons are public records. Both Westchester County and Rockland County disclosed the names and addresses, but Putnam County did not. The Journal News used the names and addresses that it had obtained from Westchester County and Rockland County to create an interactive map of all the pistol permit holders in those locales, which it then posted to its website. Soon thereafter, in January 2013, the New York Legislature passed the Secure Ammunition and Firearms Enforcement Act (L 2013, ch 1; hereinafter the 2013 SAFE Act), which was approved by the Governor. The 2013 SAFE Act, among other things, amended Penal Law § 400.00 (5) to provide a method by which pistol permit holders could apply to except their names and addresses from the public record (*see* Penal Law § 400.00 [5] [b]). The 2013 SAFE Act permits persons who have reason to believe that their life or safety would be endangered by disclosure, or who believe that they would be subject to harassment, to apply for the exception (*see* Penal Law § 400.00 [5] [b]). The statute provided for a 120-day grace period from the time of its enactment into law for permit-holders to apply for the exception, during which time all names and addresses for pistol permit holders were prohibited from being disclosed (*see* Penal Law § 400.00 [5] [f]).

At the end of the 120-day grace period, on May 15, 2013, The Journal News reporter submitted a new FOIL request to the Office of the Putnam County Clerk seeking "the names and addresses of all non-exempt permit holders in your database," in "electronic format" (hereinafter the FOIL request). The Putnam County Clerk denied the FOIL request on the basis that access to the records would "constitute an unwarranted invasion of personal privacy" and that "disclos[ure] could endanger the life or safety of any person," pursuant to Public Officers Law § 87 (2) (b) and (f). The reporter challenged the denial of the FOIL request in an administrative appeal, which was denied.

As a result, Gannett commenced this CPLR article 78

proceeding against the County of Putnam and the Office of the Putnam County Clerk (hereinafter together the County parties) to review the denial of the FOIL request. The Supreme Court granted the petition, and directed the County parties "to comply with [Gannett's] request for the names and addresses of all pistol permit holders in Putnam County who had not qualified under the SAFE Act to exempt themselves from disclosure." In support of its determination, the court reasoned that Penal Law § 400.00 (5), as amended by the 2013 SAFE Act, "unequivocally direct[s]" the disclosure of the names and addresses of license holders "who did not choose to seek an exception." The County parties appeal. For the reasons set forth below, we affirm, on other grounds.

The Freedom of Information Law was enacted "to promote open government and public accountability," and "imposes a broad duty on government to make its records available to the public" (*Matter of Gould v New York City Police Dept.*, 89 NY2d 267, 274 [1996]; *see* Public Officers Law § 84; *Matter of Town of Waterford v New York State Dept. of Envtl. Conservation*, 18 NY3d 652, 656-657 [2012]). "The statutorily stated policy behind FOIL is to promote '[t]he people's right to know the process of governmental decision-making and to review the documents and statistics leading to determinations'" (*Matter of Washington Post Co. v New York State Ins. Dept.*, 61 NY2d 557, 564 [1984], quoting Public Officers Law § 84). Government records, including public records, are "presumptively open" for public inspection and copying, unless they fall within an enumerated statutory exemption of Public Officers Law § 87 (2) (*Matter of Gould v New York City Police Dept.*, 89 NY2d at 274-275; *see Matter of Alderson v New York State Coll. of Agric. & Life Sciences at Cornell Univ.*, 4 NY3d 225, 230 [2005]; *Matter of New York Civ. Liberties Union v City of Schenectady*, 2 NY3d 657, 661 [2004]). There are exemptions, for example, where access to the records are exempted from disclosure pursuant to state or federal statute (*see* Public Officers Law § 87 [2] [a]), where disclosure would constitute an unwarranted invasion of personal privacy (*see* Public Officers Law § 87 [2] [b]), or where disclosure could endanger the life or safety of any person (*see* Public Officers Law § 87 [2] [f]).

The names and addresses of pistol permit holders are, by statute, public records (*see* Penal Law § 400.00 [5] [a]). As such, this information is presumptively subject to FOIL disclosure, unless an exemption to disclosure is established (*see Matter of Gould v New York City Police Dept.*, 89 NY2d at 274-275; *Matter of New York Times Co. v City of N.Y. Police Dept.*, 103 AD3d 405, 407 [2013]).

The 2013 SAFE Act amendment to Penal Law § 400.00 (5) created a provision granting an applicant for a pistol license "an opportunity for the applicant to request an exception from his or her [name and address] from . . . becoming public record" (Penal Law § 400.00 [5] [b]). The provision permits an applicant to submit a form specifying one of the following grounds "on which he or she believes his or her [name and address] should not be . . . disclosed":

"(i) the applicant's life or safety may be endangered by disclosure because:

"(A) the applicant is an active or retired police officer, peace officer, probation officer, parole officer, or corrections officer;

"(B) the applicant is a protected person under a currently valid order of protection;

"(C) the applicant is or was a witness in a criminal proceeding involving a criminal charge;

"(D) the applicant is participating or previously participated as a juror in a criminal proceeding, or is or was a member of a grand jury; or

"(E) the applicant is a spouse, domestic partner or household member of a person identified in this subparagraph . . . .

"(ii) the applicant has reason to believe his or her life or safety may be endangered by disclosure due to reasons stated by the applicant.

"(iii) the applicant has reason to believe he or she may be subject to unwarranted harassment upon disclosure of such information" (Penal Law § 400.00 [5] [b]).

The amendment further provides that, "[u]pon receiving a request for exception from disclosure, the licensing officer shall grant such exception, unless the request is determined to be null and void" (Penal Law § 400.00 [5] [e] [i]).

On this appeal, we are presented with a issue of first impression as to how the 2013 SAFE Act amendment to Penal Law § 400.00 (5) comports with the statutory provisions of Public Officers Law § 87 (2), which set forth certain exemptions to FOIL disclosure. For the reasons set forth below, we find that the Supreme Court erred to the extent that it directed disclosure of the records sought without consideration of whether any of the exemptions to FOIL disclosure contained in the Public Officers Law applies to prohibit disclosure of such records upon a FOIL request. Nonetheless, upon our independent review of the record, we conclude that the records sought by Gannett do not fall squarely within any FOIL exemption

and therefore affirm the judgment granting the petition and directing disclosure.

"When presented with a question of statutory interpretation, [a court's] primary consideration 'is to ascertain and give effect to the intention of the Legislature' " (*Yatauro v Mangano*, 17 NY3d 420, 426 [2011], quoting *Matter of DaimlerChrysler Corp. v Spitzer*, 7 NY3d 653, 660 [2006]; *see Matter of Civil Serv. Empls. Assn. Inc., Local 1000, AFSCME, AFL-CIO v Westchester County Health Care Corp.*, 138 AD3d 741 [2016]). "The starting point for discerning legislative intent is the language [in] the statute itself" (*Yatauro v Mangano*, 17 NY3d at 426). " 'Courts must harmonize the various provisions of related statutes and . . . construe them in a way that renders them internally compatible' " (*id.* at 426-427, quoting *Matter of Dutchess County Dept. of Social Servs. v Day*, 96 NY2d 149, 153 [2001]; *see* McKinney's Cons Laws of NY, Book 1, Statutes § 144 ["Statutes will not be construed as to render them ineffective"]). In applying these rules of construction, we find that the 2013 SAFE Act amendment to Penal Law § 400.00 (5) does not negate the applicability of the exemptions to FOIL disclosure contained in Public Officers Law § 87 (2). The 2013 SAFE Act amendment to Penal Law § 400.00 (5) provides an avenue whereby pistol permit holders may *except* their name and address from becoming a public record. It does not affect the manner in which the names and addresses that remain a public record may be *exempted* from FOIL disclosure. The two statutes, read together, provide that the names and addresses of pistol permit holders whose names and addresses remain a public record are subject to FOIL disclosure, unless an exemption to disclosure contained in the Public Officers Law applies (*see generally Yatauro v Mangano*, 17 NY3d at 426).

As the statutory language in Penal Law § 400.00 (5) requiring that the names and addresses of pistol permit holders "shall be a public record" does not preclude the County parties from asserting that an exemption to FOIL disclosure applies to those records, the Supreme Court was required to evaluate whether the FOIL exemptions argued by the County parties apply to the public record at issue, to wit, the names and addresses of pistol permit holders who did not have their names removed from the public record pursuant to a SAFE Act exception. " 'FOIL exemptions must be read as having engrafted, as a matter of public policy, certain limitations on the disclosure of otherwise accessible records' " (*Matter of Markowitz v Serio*, 11 NY3d 43, 49-50 [2008], quoting *Matter of Xerox Corp. v Town of Webster*, 65 NY2d 131, 132 [1985]). Thus, a statutory

mandate that certain documents or information contained therein are public record "suggests that . . . they are subject to public disclosure unless the [agency] asserts that a FOIL exemption applies and is able to sustain its burden of establishing nondisclosure" (*Matter of Markowitz v Serio*, 11 NY3d at 49; *see Matter of Xerox Corp. v Town of Webster*, 65 NY2d at 132).

Notwithstanding the Supreme Court's failure to evaluate whether the County parties' asserted exemptions to FOIL disclosure are applicable to the records at issue, we find that the County parties failed to sustain their burden of demonstrating the applicability of the asserted exemptions. The exemptions from disclosure are to be "narrowly construed" so as to ensure maximum public access to government documents (*Matter of Gould v New York City Police Dept.*, 89 NY2d 267, 275 [1996]; *see Matter of Town of Waterford v New York State Dept. of Envtl. Conservation*, 18 NY3d 652, 657 [2012]; *Matter of New York Civ. Liberties Union v City of Schenectady*, 2 NY3d 657, 661 [2004]), and the burden rests on the agency to demonstrate that the requested material " 'fall[s] squarely within a FOIL exemption' " (*Matter of Markowitz v Serio*, 11 NY3d at 50, quoting *Matter of Data Tree, LLC v Romaine*, 9 NY3d 454, 462-463 [2007]; *see* Public Officers Law § 89 [4] [b]; *Matter of Town of Waterford v New York State Dept. of Envtl. Conservation*, 18 NY3d at 657; *Matter of Gould v New York City Police Dept.*, 89 NY2d at 275). "[T]he agency does not have carte blanche to withhold any information it pleases," and it must "articulate particularized and specific justification" for the nondisclosure at issue (*Matter of Fink v Lefkowitz*, 47 NY2d 567, 571 [1979]; *see Matter of West Harlem Bus. Group v Empire State Dev. Corp.*, 13 NY3d 882, 885 [2009]; *Matter of New York Civ. Liberties Union v City of Schenectady*, 2 NY3d at 661). "Conclusory assertions that certain records fall within a statutory exemption are not sufficient; evidentiary support is needed" (*Matter of Dilworth v Westchester County Dept. of Correction*, 93 AD3d 722, 724 [2012]; *see Matter of Washington Post Co. v New York State Ins. Dept.*, 61 NY2d 557, 567 [1984]; *Church of Scientology of N.Y. v State of New York*, 46 NY2d 906, 907-908 [1979]).

As an initial matter, contrary to the contention of the County parties, Gannett has standing to challenge their refusal to disclose the information sought by the reporter. Generally, "[a]ny 'person denied access to a record' may appeal and seek judicial review of any adverse appeal determination" (*Matter of Norton v Town of Islip*, 17 AD3d 468, 470 [2005], quoting Public

Officers Law § 89 [4] [a]). "Similarly, any person on whose behalf a FOIL request was made has standing to maintain a proceeding to review the denial of disclosure of the records requested" (*Matter of Norton v Town of Islip*, 17 AD3d at 470). Here, the record shows that the reporter's request was made in his professional capacity as an employee of The Journal News, which is owned by Gannett.

The County parties' argument that, pursuant to Public Officers Law §§ 87 (2) (b) and 89 (2) (b) (ii), disclosure of the names and addresses of pistol permit holders would constitute an unwarranted invasion of privacy because Gannett intends to use the names and addresses of pistol permit holders for solicitation purposes is without merit. Gannett's status as a commercial enterprise does not demonstrate that Gannett intends to use the names and addresses to solicit business (*see Matter of Data Tree, LLC v Romaine*, 9 NY3d at 463; *cf. Matter of New York State Rifle & Pistol Assn., Inc. v Kelly*, 55 AD3d 222, 225-226 [2008]), and it represented that it did not intend to do so.

Moreover, the County parties failed to establish that disclosure of the names and addresses would " 'be offensive and objectionable to a reasonable [person] of ordinary sensibilities' " (*Matter of Thomas v New York City Dept. of Educ.*, 103 AD3d 495, 497 [2013], quoting *Matter of Beyah v Goord*, 309 AD2d 1049, 1050 [2003]). The County parties also failed to establish that any other exemptions to the FOIL disclosure requirement are applicable to the records at issue.

Accordingly, the judgment of the Supreme Court should be affirmed. Leventhal, J.P., Miller, Duffy and Connolly, JJ., concur.