In the Matter of KIM A. KIRSCH et al., Respondents, v BOARD OF EDUCATION OF WILLIAMSVILLE CENTRAL SCHOOL DISTRICT et al., Appellants. [57 NYS3d 870]—

Appeal from an amended judgment (denominated amended order) of the Supreme Court, Erie County (James H. Dillon, J.), entered March 3, 2016 in a proceeding pursuant to CPLR article 78. The amended judgment, among other things, granted the motion to add Michael A. Starvaggi as a petitioner and, upon reconsideration, granted the amended petition.

It is hereby ordered that the amended judgment so appealed from is unanimously affirmed with costs.

Memorandum: Petitioner Kim A. Kirsch commenced this CPLR article 78 proceeding seeking, inter alia, to compel respondents to comply with her request pursuant to the Freedom of Information Law ([FOIL] Public Officers Law art 6) for certain email records of the superintendent of respondent Williamsville Central School District. We reject respondents' contention that Kirsch lacks standing to maintain this proceeding. "Any 'person denied access to a record' may appeal and seek judicial review of any adverse appeal determination," and "any person on whose behalf a FOIL request was made has standing to maintain a proceeding to review the denial of disclosure of the records requested" (*Matter of Norton v Town of Islip*, 17 AD3d 468, 470 [2005], *lv denied* 6 NY3d 709 [2006], quoting Public Officers Law § 89 [4] [a], [b]). Here, although the FOIL request was made by petitioner Michael A. Starvaggi,

Kirsch's attorney, the administrative appeal letter expressly stated that Starvaggi was making the request on behalf of Kirsch (*see Norton*, 17 AD3d at 469). We thus conclude that Kirsch has standing to maintain this proceeding (*see Matter of Gannett Satellite Info. Network, Inc. v County of Putnam*, 142 AD3d 1012, 1017-1018 [2016]; *Norton*, 17 AD3d at 470).

Even assuming, arguendo, that respondents preserved for our review their further contention that the proceeding is barred by the statute of limitations (*cf. Matter of Troy Sand & Gravel Co. v New York State Dept. of Transp.*, 277 AD2d 782, 783-784 [2000], *lv denied* 96 NY2d 708 [2001]), we conclude that respondents failed to meet their burden of establishing that petitioners received notice of the final decision denying the administrative appeal more than four months before the proceeding was commenced (*see* CPLR 217 [1]; *Matter of Covington v Fischer*, 125 AD3d 1320, 1320 [2015]; *Matter of Advocates for Children of N.Y., Inc. v New York City Dept. of Educ.*, 101 AD3d 445, 445-446 [2012]; *Matter of Arnold v Erie County Med. Ctr. Corp.*, 59 AD3d 1074, 1075-1076 [2009], *lv dismissed* 12 NY3d 838 [2009]; *cf. Matter of Roman v Lombardi*, 298 AD2d 313, 313 [2002]).

We further conclude that Supreme Court properly granted petitioners' oral motion to amend the petition to add Starvaggi as a petitioner. Contrary to respondents' contention, under the circumstances here, the relation back doctrine permits the addition of Starvaggi after the expiration of the statute of limitations inasmuch as the claims brought by Starvaggi and Kirsch are identical in substance, i.e., that respondents improperly denied the FOIL request made by Starvaggi on behalf of Kirsch, and Starvaggi and Kirsch are united in interest in seeking compliance with that request (*see* CPLR 203 [f]; *Fazio Masonry, Inc. v Barry, Bette & Led Duke, Inc.*, 23 AD3d 748, 749 [2005]; *Fulgum v Town of Cortlandt Manor*, 19 AD3d 444, 446 [2005]; *see generally Matter of Greater N.Y. Health Care Facilities Assn. v DeBuono*, 91 NY2d 716, 721 [1998]).

Contrary to respondents' further contention, the court properly granted the amended petition and directed respondents to provide petitioners with the requested emails, with any claimed exemptions from disclosure documented in a privilege log that may be reviewed by the court. Here, petitioners "reasonably described" the requested emails to enable respondents to identify and produce the records (Public Officers Law § 89 [3] [a]), and respondents "cannot evade the broad disclosure provisions of [the] statute . . . upon the naked allegation that the request will require review of thousands of rec-

ords" (*Matter of Konigsberg v Coughlin*, 68 NY2d 245, 249 [1986]; *see Matter of Irwin v Onondaga County Resource Recovery Agency*, 72 AD3d 314, 318 [2010]). In addition, respondents' "broad allegation here that the [emails may] contain[ ] exempt material is insufficient to overcome the presumption that the records are open for inspection . . . and categorically to deny petitioner[s] all access to the requested material" (*Konigsberg*, 68 NY2d at 251). In the event that respondents are able to establish that a requested email contains exempt material, "the appropriate remedy is an in camera review and 'disclosure of all nonexempt, appropriately redacted material' " (*Matter of Pflaum v Grattan*, 116 AD3d 1103, 1105 [2014], quoting *Matter of Gould v New York City Police Dept.*, 89 NY2d 267, 275 [1996]). Present—Smith, J.P., Centra, Peradotto, Lindley and NeMoyer, JJ.