Matter of New York Civ. Liberties Union v City of Rochester (2022 NY Slip Op 06346)

Matter of New York Civ. Liberties Union v City of Rochester

2022 NY Slip Op 06346

Decided on November 10, 2022

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 10, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: LINDLEY, J.P., NEMOYER, CURRAN, WINSLOW, AND BANNISTER, JJ.

685 CA 21-01191

[*1]IN THE MATTER OF NEW YORK CIVIL LIBERTIES UNION, PETITIONER-APPELLANT,
v
CITY OF ROCHESTER AND ROCHESTER POLICE DEPARTMENT, RESPONDENTS-RESPONDENTS. 

NEW YORK CIVIL LIBERTIES UNION FOUNDATION, NEW YORK CITY (ROBERT J. HODGSON OF COUNSEL), AND SHEARMAN & STERLING LLP, WASHINGTON, DC, FOR PETITIONER-APPELLANT. 
LINDA S. KINGSLEY, CORPORATION COUNSEL, ROCHESTER (JOHN M. CAMPOLIETO OF COUNSEL), FOR RESPONDENTS-RESPONDENTS. 

 Appeal from a judgment (denominated order) of the Supreme Court, Monroe County (Ann Marie Taddeo, J.), entered August 10, 2021 in a proceeding pursuant to CPLR article 78. The judgment, insofar as appealed from, denied the petition in part. 
It is hereby ORDERED that the judgment so appealed from is unanimously modified on the law by granting those parts of the petition seeking disclosure of law enforcement disciplinary records dated on or before June 12, 2020 and seeking disclosure of law enforcement disciplinary records containing unsubstantiated claims or complaints, subject to redaction pursuant to particularized and specific justification under Public Officers Law § 87 (2), and as modified the judgment is affirmed without costs.
Memorandum: Petitioner commenced this CPLR article 78 proceeding seeking, inter alia, to compel respondents, City of Rochester (City) and Rochester Police Department (RPD), to disclose, pursuant to the Freedom of Information Law ([FOIL] Public Officers Law § 84 et seq.), certain law enforcement disciplinary records. Petitioner appeals from a judgment that granted the petition in part and ordered the City and RPD to produce certain police disciplinary records under FOIL, but denied the petition with respect to the production of records from proceedings conducted on or before June 12, 2020 and with respect to records related to unsubstantiated claims or complaints.
Initially, we agree with petitioner that, as respondents correctly concede, respondents did not deny petitioner's FOIL request on the ground that the legislation repealing former Civil Rights Law
§ 50-a and amending FOIL concerning disciplinary records of law enforcement agencies (see L 2020, ch 96, §§ 1-4 [effective June 12, 2020]) should not be applied retroactively, and thus Supreme Court erred in relying on that theory as a ground for denying the petition in part (see Matter of Madeiros v New York State Educ. Dept., 30 NY3d 67, 74-75 [2017]).
We conclude—for the reasons stated in Matter of New York Civ. Liberties Union v City of Syracuse (— AD3d &mdash, — [Nov. 10, 2022] [4th Dept 2022] [decided herewith])—that the court erred in concluding that the personal privacy exemption under Public Officers Law § 87 (2) (b) creates a blanket exemption allowing respondents to categorically withhold the law enforcement disciplinary records at issue. Further, for the reasons stated in New York Civ. Liberties Union (— AD3d at &mdash), we reject petitioner's contention that it should be awarded attorneys' fees and costs.
We therefore modify the judgment by granting those parts of the petition seeking law [*2]enforcement records dated on or before June 12, 2020 and seeking law enforcement disciplinary records concerning unsubstantiated claims of RPD officer misconduct, subject to redaction pursuant to a particularized and specific justification under Public Officers Law § 87 (2). Respondents are directed to review the requested law enforcement disciplinary records, identify those law enforcement disciplinary records or portions thereof that may be redacted or withheld as exempt, and provide the requested law enforcement disciplinary records to petitioner subject to any records or portions thereof that are redactions or exemptions pursuant to a particularized and specific justification for exempting each record or portion thereof. Any claimed redactions and exemptions from disclosure are to be documented in a manner that allows for review by a court (see Matter of Kirsch v Board of Educ. of Williamsville Cent. Sch. Dist., 152 AD3d 1218, 1219-1220 [4th Dept 2017], lv denied 31 NY3d 904 [2018]).
Entered: November 10, 2022
Ann Dillon Flynn
Clerk of the Court