Matter of Lockwood v County of Suffolk (2023 NY Slip Op 04316)

Matter of Lockwood v County of Suffolk

2023 NY Slip Op 04316

Decided on August 16, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 16, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
CHERYL E. CHAMBERS
DEBORAH A. DOWLING
HELEN VOUTSINAS, JJ.

2021-02862
 (Index No. 607383/20)

[*1]In the Matter of Scott Lockwood, appellant, 
v
County of Suffolk, et al., respondents.

Scott Lockwood, Deer Park, NY, appellant pro se.
Dennis Brown, Acting County Attorney, Hauppauge, NY (Lisa Azzato of counsel), for respondents.

DECISION & ORDER
In a proceeding pursuant to CPLR article 78 to compel the production of certain records pursuant to the Freedom of Information Law (Public Officers Law art 6), the petitioner appeals from a judgment of the Supreme Court, Suffolk County (David T. Reilly, J.), dated March 22, 2021. The judgment denied the petition and dismissed the proceeding.
ORDERED that the judgment is modified, on the law, by deleting the provision thereof denying that branch of the petition which was to compel the production of records pertaining to the training of clerks of the Suffolk County Traffic and Parking Violations Agency, and substituting therefor a provision granting that branch of the petition to the extent that the respondents are directed to produce those records for an in camera inspection by the Supreme Court, Suffolk County; as so modified, the judgment is affirmed, without costs or disbursements, and the matter is remitted to the Supreme Court, Suffolk County, for a new determination of that branch of the petition based upon the in camera inspection.
The petitioner submitted a request to the Suffolk County Traffic and Parking Violations Agency (hereinafter the TPVA) pursuant to the Freedom of Information Law (Public Officers Law art 6; hereinafter FOIL) for the production of two categories of records held by the TPVA: materials pertaining to determinations by the Clerk of the TPVA to reject or accept motions submitted to the agency; and training materials for TPVA clerks. The TPVA denied the request, stating that it did not possess any materials pertaining to the first category of records sought, and that with respect to the second category, its training materials for clerks fell within Public Officers Law § 87(2)(g), exempting certain intra-agency materials from disclosure. After his request was denied, [*2]the petitioner pursued an administrative appeal. The appeals officer declined to order the production of records held by the TPVA on the ground that the TPVA is part of the judiciary and, thus, its records are not the records of an "agency" as defined in Public Officers Law § 86(3). Alternatively, the appeals officer concluded that the TPVA did not possess responsive records. The petitioner then commenced this proceeding pursuant to CPLR article 78 to compel the production of the requested records. The Supreme Court denied the petition and dismissed the proceeding. The petitioner appeals.
"In order to promote open government and public accountability, FOIL imposes a broad duty on government to make its records available to the public" (Matter of Tuckahoe Common Sch. Dist. v Town of Southampton, 179 AD3d 929, 930). "To this end, FOIL provides that all records of a public agency are presumptively open to public inspection and copying unless otherwise specifically exempted" (Matter of Law Offs. of Cory H. Morris v County of Nassau, 158 AD3d 630, 631; see Public Officers Law § 87[2]). Exemptions are construed "narrowly, and an agency has the burden of demonstrating that an exemption applies 'by articulating a particularized and specific justification for denying access'" (Matter of Kosmider v Whitney, 34 NY3d 48, 54, quoting Matter of Capital Newspapers Div. of Hearst Corp. v Burns, 67 NY2d 562, 566; see Matter of Abdur-Rashid v New York City Police Dept., 31 NY3d 217, 225).
FOIL is applicable to "agency" records, but its definition of "agency" expressly excludes the "judiciary" (Public Officers Law § 86[3]). "The TPVA is a 'hybrid agency that exercises both prosecutorial and adjudicatory responsibilities,' and [ ] the prosecutorial function is 'distinct from the adjudicatory function'" (Matter of Law Offs. of Cory H. Morris v County of Nassau, 158 AD3d at 632, quoting Matter of Dolce v Nassau County Traffic & Parking Violations Agency, 7 NY3d 492, 498). "Accordingly, to the extent that a TPVA record concerns the nonadjudicatory responsibilities of the TPVA, it is not exempt from disclosure under the definition of 'agency' in Public Officers Law § 86(3)" (Matter of Law Offs. of Cory H. Morris v County of Nassau, 158 AD3d at 632).
Here, the Supreme Court properly determined that the first category of records sought related to the TPVA's adjudicatory responsibilities. In any event, the TPVA established that it possessed no such materials (see Matter of Jewish Press, Inc. v New York City Dept. of Corr., 200 AD3d 1038, 1039-1040).
However, with respect to the second category, without examination of the records that the petitioner seeks, the Supreme Court could not determine that the training materials requested were exempt from disclosure as records of the "judiciary" (see Matter of Law Offs. of Frank DeSousa v Nassau County, 171 AD3d 925, 926; Matter of Law Offs. of Cory H. Morris v County of Nassau, 158 AD3d at 632). Similarly, examination of those records was required to determine whether they were exempt intra-agency materials. To the extent that intra-agency materials contain "instructions to staff that affect the public," they remain subject to disclosure pursuant to FOIL (Public Officers Law § 87[2][g]; see Matter of Gedan v Town of Mamaroneck [N.Y.], 170 AD3d 833, 834-835; see generally Matter of Xerox Corp. v Town of Webster, 65 NY2d 131, 133).
Accordingly, we modify the judgment so as to grant that branch of the petition which was to compel the production of records pertaining to the training of TPVA clerks to the extent of directing the TPVA to produce those records for an in camera inspection by the Supreme Court, Suffolk County, and remit the matter to the Supreme Court, Suffolk County, for a new determination [*3]of that branch of the petition based upon the in camera inspection.
IANNACCI, J.P., CHAMBERS, DOWLING and VOUTSINAS, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court