Matter of Eckel v Nassau County (2023 NY Slip Op 04667)

Matter of Eckel v Nassau County

2023 NY Slip Op 04667

Decided on September 20, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on September 20, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
ROBERT J. MILLER
WILLIAM G. FORD
DEBORAH A. DOWLING, JJ.

2020-03271
 (Index No. 610929/19)

[*1]In the Matter of Diane Eckel, respondent,
v
Nassau County, et al., appellants.

Thomas A. Adams, County Attorney, Mineola, NY (Robert F. Van der Waag and Jackie L. Gross of counsel; Samuel Weinstein on the brief), for appellants.
Cameron J. Macdonald, Government Justice Center, Inc., Albany, NY, for respondent.

DECISION & ORDER
In a proceeding pursuant to CPLR article 78 to compel the production of certain records pursuant to the Freedom of Information Law (Public Officers Law art 6), Nassau County and Nassau County Assessment Review Commission appeal from a judgment of the Supreme Court, Nassau County (James P. McCormack, J.), entered February 20, 2020. The judgment granted that branch of the petition which was to compel the production of certain records.
ORDERED that the judgment is affirmed, with costs.
After receiving an increase in the tax assessment of her residential property, the petitioner applied to the Nassau County Assessment Review Commission (hereinafter ARC) for a correction of assessment, which ARC denied.
The petitioner then submitted a request pursuant to the Freedom of Information Law (Public Officers Law art 6; hereinafter FOIL) seeking the comparable sales information on four specific properties, including her own. ARC denied the petitioner's request, citing the intra-agency materials exemption pursuant to Public Officers Law § 87(2)(g).
The petitioner filed an administrative appeal, contending that the records she sought—the addresses of the properties used as comparables and the dates of their sales and selling prices—were factual data and not reflective of opinion, advice, or recommendation.
Nassau County denied the petitioner's administrative appeal. The County determined that ARC correctly denied the petitioner's request on the basis that "[c]hoosing any particular comparable property involves a thought process and professional judgment which cannot be classified as mere data gathering and thus falls within the intra-agency material exemption."
The petitioner commenced the instant proceeding pursuant to CPLR article 78 to compel ARC and the County (hereinafter together the Nassau County parties) to produce the records sought in her FOIL request. In a judgment entered February 20, 2020, the Supreme Court granted that branch of the petition which was compel production of those documents, and the Nassau County parties appeal.
FOIL imposes a broad duty on government agencies to make their records available to the public (see Matter of Madeiros v New York State Educ. Dept., 30 NY3d 67, 73; Matter of Tuckahoe Common Sch. Dist. v Town of Southampton, 179 AD3d 929, 930). Government records are thus "presumptively open for public inspection and copying," unless they fall within an enumerated statutory exemption of Public Officers Law § 87(2) (Matter of Gannett Satellite Info. Network, Inc. v County of Putnam, 142 AD3d 1012, 1014 [internal quotation marks omitted]). "FOIL does not require that the party requesting records make any showing of need, good faith or legitimate purpose" (Matter of M. Farbman & Sons v New York City Health & Hosps. Corp., 62 NY2d 75, 80; see Matter of Data Tree, LLC v Romaine, 9 NY3d 454, 463). The "underlying premise [is] that the public is vested with an inherent right to know and that official secrecy is anathematic to our form of government" (Matter of Madeiros v New York State Educ. Dept., 30 NY3d at 73 [internal quotation marks omitted]).
FOIL's statutory exemptions to disclosure "are to be narrowly interpreted so that the public is granted maximum access to the records of government," and it is the agency's burden to demonstrate that the requested material "falls squarely within a FOIL exemption" (Matter of Data Tree, LLC v Romaine, 9 NY3d at 462-463 [internal quotation marks omitted]; see Matter of Madeiros v New York State Educ. Dept., 30 NY3d at 74; Matter of Baez v Brown, 124 AD3d 881, 883).
Here, the exemption at issue provides that each agency shall make its records available for inspection, "except that such agency may deny access to records or portions thereof that . . . are . . . intra-agency materials which are not . . . statistical or factual tabulations or data" (Public Officers Law § 87[2][g][i]). "Although the term factual data is not defined by statute, the meaning of the term can be discerned from the purpose underlying the intra-agency exemption, which is to protect the deliberative process of the government by ensuring that persons in an advisory role will be able to express their opinions freely to agency decision makers" (Matter of Gould v New York City Police Dept., 89 NY2d 267, 276 [alterations and internal quotation marks omitted]). Factual data "simply means objective information, in contrast to opinions, ideas, or advice exchanged as part of the consultative or deliberative process of government decision making" (id. at 277).
Here, contrary to the Nassau County parties' contentions, the Supreme Court correctly determined that the requested information about the comparables constituted factual data insofar as it constituted "objective information," separate from the "opinions, ideas, or advice" contained in the assessment report (id.; see Matter of New York Times Co. v City of N.Y. Fire Dept., 4 NY3d 477, 487; but see Matter of General Motors Corp., GM Powertrain Div. v Town of Massena, 180 Misc 2d 682, 684 [Sup Ct, St. Lawrence County]; Comm on Open Govt FOIL-AO-15744 [2006]).
The Nassau County parties' remaining contentions are improperly raised for the first time on appeal.
Accordingly, the Supreme Court properly granted that branch of the petition which was to compel production of the records sought.
BRATHWAITE NELSON, J.P., MILLER, FORD and DOWLING, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court