Matter of Law Offs. of Cory H. Morris v Suffolk County (2023 NY Slip Op 06046)

Matter of Law Offs. of Cory H. Morris v Suffolk County

2023 NY Slip Op 06046

Decided on November 22, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 22, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

HECTOR D. LASALLE, P.J.
FRANCESCA E. CONNOLLY
CHERYL E. CHAMBERS
JANICE A. TAYLOR, JJ.

2021-00004
 (Index No. 6734/18)

[*1]In the Matter of Law Offices of Cory H. Morris, appellant, 
v
Suffolk County, et al., respondents.

The Law Offices of Cory H. Morris, Melville, NY, appellant pro se.
Dennis Brown, Acting County Attorney, Hauppauge, NY (Lisa Azzato of counsel), for respondents.

DECISION & ORDER
In a proceeding pursuant to CPLR article 78, inter alia, to compel disclosure of certain records pursuant to the Freedom of Information Law (Public Officers Law art 6) and for an award of attorney's fees and litigation costs, the petitioner appeals from a judgment of the Supreme Court, Suffolk County (H. Patrick Leis III, J.), dated September 15, 2020. The judgment denied the petition and, in effect, dismissed the proceeding.
ORDERED that the judgment is reversed, on the law, with costs, the petition is reinstated, and the matter is remitted to the Supreme Court, Suffolk County, for a determination of the petition on the merits.
The petitioner, a law firm, represents clients in relation to alleged traffic violations before the respondent Suffolk County Traffic and Parking Violations Agency (hereinafter the Agency). On August 16, 2018, the petitioner submitted a request to the Agency pursuant to the Freedom of Information Law (Public Officers Law art 6; hereinafter FOIL) seeking disclosure of certain records. The Agency denied the petitioner's FOIL request in its entirety, asserting, inter alia, that certain materials sought related to the Agency's adjudicatory function and were therefore exempt from disclosure pursuant to Public Officers Law § 86(3). On November 7, 2018, in response to the petitioner's administrative appeal, the Agency's FOIL appeals officer affirmed its determination.
Thereafter, on December 17, 2018, the petitioner commenced this proceeding pursuant to CPLR article 78, inter alia, to compel disclosure of records responsive to its FOIL request against Suffolk County, the Agency, and the FOIL appeals officer. The respondents answered the petition and asserted, among other things, that the petitioner lacked standing to bring this proceeding because its FOIL request was made on behalf of a client. The Supreme Court denied the petition for lack of standing and, in effect, dismissed the proceeding. The petitioner appeals.
"To establish standing to challenge an administrative determination" in an article 78 proceeding, "a petitioner must show that it will suffer an injury-in-fact and that the alleged injury falls within the zone of interest sought to be protected by the statute" (Matter of Veteri v Zoning Bd. of Appeals of the Town of Kent, 202 AD3d 975, 979). "In order to promote open government and [*2]public accountability, FOIL imposes a broad duty on government to make its records available to the public" (Matter of Tuckahoe Common Sch. Dist. v Town of Southampton, 179 AD3d 929, 930). "Any 'person denied access to a record' may" pursue an administrative "appeal and," if unsuccessful, "seek judicial review of any adverse appeal determination" (Matter of Norton v Town of Islip, 17 AD3d 468, 470, citing Public Officers Law § 89[4][a], [b]; see Matter of Kirsch v Board of Educ. of Williamsville Cent. Sch. Dist., 152 AD3d 1218, 1218; Matter of Gannett Satellite Info. Network, Inc. v County of Putnam, 142 AD3d 1012, 1017-1018). "Similarly, any person on whose behalf a FOIL request was made has standing to maintain a proceeding to review the denial of disclosure of the records requested" (Matter of Norton v Town of Islip, 17 AD3d at 470; see Matter of Barry v O'Neill, 185 AD3d 503, 505). FOIL therefore "confer[s] standing upon any person denied access to government records" to pursue an Article 78 proceeding challenging the denial (Community Bd. 7 of Borough of Manhattan v Schaffer, 84 NY2d 148, 159). Moreover, "the standing of one who seeks access to records under the Freedom of Information Law is as a member of the public, and is neither enhanced nor restricted because he is also a litigant or potential litigant" (Matter of John P. v Whalen, 54 NY2d 89, 99 [citations omitted]).
Here, the Supreme Court erred in concluding that the petitioner lacked standing to pursue this proceeding. The petitioner submitted the FOIL request to the Agency and its request was denied, both initially and on administrative appeal. Since the petitioner's FOIL request was denied, it had standing to seek judicial review of the Agency's determination (see Matter of Norton v Town of Islip, 17 AD3d at 470), regardless of whether it submitted the FOIL request, in whole or in part, on behalf of a client (see Matter of John P. v Whalen, 54 NY2d at 99). The petitioner's standing was not extinguished by the fact that its client also would have had standing to commence a proceeding challenging the denial of the FOIL request (see Matter of Norton v Town of Islip, 17 AD3d at 470).
Since the petition was denied based on the petitioner's purported lack of standing, we remit this matter to the Supreme Court, Suffolk County, for a determination of the petition on the merits (see Matter of Veteri v Zoning Bd. of Appeals of the Town of Kent, 202 AD3d at 979-980; Matter of Madden v Village of Tuxedo Park, 192 AD3d 802, 805), including, inter alia, whether the respondents set forth a factual predicate for their contention that certain portions of the FOIL request related solely to the Agency's adjudicatory functions (see Matter of Law Offs. of Cory H. Morris v Suffolk County, 216 AD3d 638, 641; Matter of Law Offs. of Cory H. Morris v County of Nassau, 158 AD3d 630, 632).
LASALLE, P.J., CONNOLLY, CHAMBERS and TAYLOR, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court