Matter of Supinsky v Town of Huntington (2025 NY Slip Op 00324)

Matter of Supinsky v Town of Huntington

2025 NY Slip Op 00324

Decided on January 22, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on January 22, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
LARA J. GENOVESI
LINDA CHRISTOPHER
LAURENCE L. LOVE, JJ.

2021-05328
 (Index No. 616880/20)

[*1]In the Matter of Jeffrey Supinsky, appellant,
v
Town of Huntington, et al., respondents.

Certilman Balin Adler & Hyman, LLP, Hauppauge, NY (Jarrett M. Behar of counsel), for appellant.

DECISION & ORDER
In a proceeding pursuant to CPLR article 78 to compel the production of a certain document pursuant to the Freedom of Information Law (Public Officers Law art 6) and for an award of attorneys' fees, the petitioner appeals from an order and judgment (one paper) of the Supreme Court, Suffolk County (Linda Kevins, J.), dated June 23, 2021. The order and judgment denied the petitioner's motion for an in camera review of the subject document, denied the petition, and dismissed the proceeding.
ORDERED that the order and judgment is reversed, on the law, with costs, the petition is reinstated, the petitioner's motion for an in camera review of the subject document is granted, and the matter is remitted to the Supreme Court, Suffolk County, for a new determination of the petition on the merits based upon the in camera inspection.
The petitioner submitted a request to the respondents pursuant to the Freedom of Information Law (Public Officers Law art 6; hereinafter FOIL) for the production of a memorandum prepared by the Chair of the Town of Huntington Zoning Board of Appeals (hereinafter the ZBA) dated May 27, 2020. The respondents denied the request on the ground, inter alia, that pursuant to Public Officers Law § 87(2)(g), the memorandum was inter-agency or intra-agency material exempt from disclosure. The petitioner then commenced this proceeding pursuant to CPLR article 78 to compel the production of the memorandum and for an award of attorneys' fees pursuant to Public Officers Law § 89(4)(c), alleging that the memorandum contained, among other things, the Chair's instructions to the ZBA. After the respondents filed their answer, the petitioner moved for an in camera review of the memorandum. In an order and judgment dated June 23, 2021, the Supreme Court denied the petitioner's motion, denied the petition, and dismissed the proceeding. The petitioner appeals.
"In order to promote open government and public accountability, FOIL imposes a broad duty on government to make its records available to the public" (Matter of Tuckahoe Common Sch. Dist. v Town of Southampton, 179 AD3d 929, 930). "To this end, FOIL provides that all records of a public agency are presumptively open to public inspection and copying unless otherwise specifically exempted" (Matter of Law Offs. of Cory H. Morris v County of Nassau, 158 AD3d 630, 631; see Public Officers Law § 87[2]).
Here, the Supreme Court erred in dismissing this proceeding on the basis that it was [*2]rendered academic by the dismissal of a separate CPLR article 78 proceeding in which the petitioner was one of the parties seeking to annul a determination by the ZBA. "FOIL does not require that the party requesting records make any showing of need, good faith or legitimate purpose. The underlying premise [is] that the public is vested with an inherent right to know and that official secrecy is anathematic to our form of government" (Matter of Eckel v Nassau County, 219 AD3d 1426, 1427-1428 [citations and internal quotation marks omitted]). "[T]he standing of one who seeks access to records under [FOIL] is as a member of the public, and is neither enhanced nor restricted because he [or she] is also a litigant or potential litigant" (Matter of Law Offs. of Cory H. Morris v Suffolk County, 221 AD3d 900, 902 [internal quotation marks omitted]; see Matter of M. Farbman & Sons v New York City Health & Hosps. Corp., 62 NY2d 75, 82).
Moreover, to the extent that the respondents claimed that the memorandum was exempt from disclosure, exemptions are construed "narrowly, and an agency has the burden of demonstrating that an exemption applies 'by articulating a particularized and specific justification for denying access'" (Matter of Kosmider v Whitney, 34 NY3d 48, 54, quoting Matter of Capital Newspapers Div. of Hearst Corp. v Burns, 67 NY2d 562, 566). When relying upon an exemption, "it is the agency's burden to demonstrate that the requested material falls squarely within a FOIL exemption" (Matter of Eckel v Nassau County, 219 AD3d at 1428 [internal quotation marks omitted]). "To meet its burden, the party seeking exemption must present specific, persuasive evidence that the material falls within the exemption. Conclusory assertions that are not supported by any facts are insufficient" (Matter of Newsday, LLC v Nassau County Police Dept., 222 AD3d 85, 90 [citation and internal quotation marks omitted]). Here, the exemption at issue provides that each agency shall make its records available for inspection, "except that such agency may deny access to records or portions thereof that . . . are . . . intra-agency materials which are not . . . statistical or factual tabulations or data" (Public Officers Law § 87[2][g][i]). "Although the term factual data is not defined by statute, the meaning of the term can be discerned from the purpose underlying the intra-agency exemption, which is to protect the deliberative process of the government by ensuring that persons in an advisory role will be able to express their opinions freely to agency decision makers" (Matter of Gould v New York City Police Dept., 89 NY2d 267, 276 [alteration and internal quotation marks omitted]). Factual data "simply means objective information, in contrast to opinions, ideas, or advice exchanged as part of the consultative or deliberative process of government decision making" (id. at 277).
Under the circumstances here, the Supreme Court could not determine that the memorandum was exempt from disclosure as intra-agency material without examination of the memorandum (see Public Officers Law § 87[2][g]; Matter of Lockwood v County of Suffolk, 219 AD3d 728, 730; Matter of New York Times Co. v District Attorney of Kings County, 179 AD3d 115, 125; Matter of Gedan v Town of Mamaroneck [N.Y.], 170 AD3d 833, 834-835).
Accordingly, the Supreme Court should have granted the petitioner's motion for an in camera review of the memorandum, and we reverse the order and judgment, reinstate the petition, grant the petitioner's motion for in camera review of the memorandum, and remit the matter to the Supreme Court, Suffolk County, for a new determination of the petition based upon the in camera inspection.
CONNOLLY, J.P., GENOVESI, CHRISTOPHER and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court